EBEL, Circuit Judge.
In this appeal, we consider the scope of a district court’s discretion to dismiss a complaint with prejudice pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure as a sanction for the intentional violation of a discovery order. The court had ordered the appellant to appear for a scheduled deposition and had warned him that the court would dismiss his complaint if he did not comply. The appellant failed to attend the deposition and subsequently declared bankruptcy. The case was assigned to a different judge, who then dismissed the complaint with prejudice when he found that the appellant advanced no good cause to excuse his nonattendance. It is within a court’s discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice. We hold that the court adequately considered these factors and accordingly affirm the judgment below.
In May 1989, the appellant, Jack Ehren-haus, filed a complaint alleging securities fraud in the United States District Court for the District of Colorado. As part of pretrial discovery, the appellees, defendants in the action below, deposed Ehren-haus for three days in November 1989, during which time Ehrenhaus repeatedly invoked the attorney-client privilege. The parties agreed to complete the deposition at a later date. Disagreement between Eh-renhaus and his counsel led the latter to move to withdraw from the representation in December 1989. The district court had not ruled on that motion as of the time that the sanction of dismissal was ordered. Hence, during all relevant times, Ehren-haus was represented by counsel.
The appellees scheduled the remainder of Ehrenhaus’ deposition for March 12, 1990. At a hearing on March 2, 1990, Judge Car- *919 rigan, the judge originally assigned to hear the case, expressed impatience with Ehren-haus’ conflicts with his attorneys because the judge viewed such conflicts as a delaying tactic. Judge Carrigan ordered the parties to hold the deposition in the Denver federal courthouse so that he could rule immediately on any assertions of attorney-client privilege raised by Ehrenhaus. In addition, the judge warned Ehrenhaus’ counsel that if Ehrenhaus failed to attend the deposition, he would “expect a motion from the defendants that [the] case be dismissed for failure to cooperate in discovery.” [1]
On March 8, Ehrenhaus moved for a protective order to delay the scheduled deposition for five days to allow him to attend a business meeting in New York. Ehren-haus’ business was in severe financial trouble, and he asserted that it was essential that he attend this meeting, scheduled for March 12, in order to save his business from bankruptcy. A magistrate denied the motion and warned that Ehrenhaus would subject himself to sanctions provided under Fed.R.Civ.P. 37 if he failed to attend the deposition.
Ehrenhaus did not appear at the March 12 deposition, although his counsel did attend. Ehrenhaus met instead with bankruptcy counsel in New York. The next day, he filed for protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Within several days, the appellees moved to have the complaint dismissed with prejudice pursuant to Fed.R.Civ.P. 37(b)(2)(C). The court immediately issued an order to show cause why it should not dismiss the suit and ordered Ehrenhaus’ counsel to “serve notice of this order on [Ehrenhaus] personally.” R., Yol. 1, Doc. 26.
The case was transferred to Judge Sparr in May 1990. In June 1990, the court held a hearing on the motion to dismiss. At this hearing, Judge Sparr stated he was sitting “as a court reviewing the evidence and the arguments of counsel to determine if good cause is shown why the Court should not dismiss” the case for Ehrenhaus’ violation of the order to appear for the deposition. R., Vol. VI, at 10. Subsequently, Judge Sparr issued an order dismissing the complaint with prejudice. In this order, the judge made specific findings of fact that Ehrenhaus had willfully violated the court’s order to appear.
Ehrenhaus filed a timely notice of appeal.[2] We have jurisdiction under 28 U.S.C. § 1291.
*920 On appeal, we must consider three issues. First, what effect did Ehrenhaus’ filing for bankruptcy have on the court’s ability to impose a sanction? Second, what factors should a court ordinarily consider in determining whether to dismiss an action as a sanction? Third, did the district court consider these factors before deciding to dismiss?
I.
When Ehrenhaus filed for bankruptcy, his estate became the successor-in-interest to the lawsuit. In re Ozark Restaurant Equip. Co., 816 F.2d 1222, 1225 (8th Cir.), cert. denied, 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987). However, the estate’s property interest in the lawsuit did not come unencumbered. Prior to filing for bankruptcy, Ehrenhaus engaged in conduct that subjected the lawsuit to the risk of dismissal. Because the trustee’s interest is no greater than that of the debt- or, Paul v. Monts, 906 F.2d 1468, 1473 (10th Cir.1990) (per curiam); see Pearlman v. Reliance Ins. Co., 371 U.S. 132, 135, 83 S.Ct. 232, 234, 9 L.Ed.2d 190 (1962), the trustee took possession and control of a lawsuit encumbered by Ehrenhaus’ misconduct and, as successor-in-interest, was subject to sanction for that misconduct. Although the sanction now affects parties other than the one who engaged in the wrongful conduct, the nature of the property interest transferred cannot be altered. Nonetheless, it would not exceed a district court’s discretion to consider whom the sanction affected in determining what sanction was appropriate. Cf. In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir.1984) (en banc) (impact of sanction should be lodged with either counsel or client, depending on which was at fault), cert. denied, 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985).
II.
Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure permits a court to issue “[a]n order ... dismissing the action” “[i]f a party ... fails to obey an order to provide or permit discovery.” Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make. Therefore, we review the district court’s decision to dismiss for discovery violations under an abuse of discretion standard. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam); In re Standard Metals Corp., 817 F.2d 625, 628 (10th Cir.), modified on other grounds sub nom Sheftelman v. Standard Metals Corp., 839 F.2d 1383 (10th Cir.1987) (per curiam), cert. dismissed, 488 U.S. 881, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988).
At the outset, we recognize that dismissal represents an extreme sanction appropriate only in cases of willful misconduct. Meade v. Grubbs, 841 F.2d 1512, 1520 (10th Cir.1988); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872-73 (10th Cir.1987); Standard Metals, 817 F.2d at 628-29. In many cases, a lesser sanction will deter the errant party from further misconduct. “Because dismissal with prejudice ‘defeats altogether a litigant’s right to access to the courts,’ it should be used as ‘a weapon of last, rather than first, resort.’ ” Meade, 841 F.2d at 1520 n. 6 (citations omitted).[3]
The district court’s discretion to choose a sanction is limited in that the chosen sanction must be both “just” and “related to the particular ‘claim’ which was at issue in the order to provide discovery.” *921 Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982). Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: “(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant,” Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465 (10th Cir.1988) (quoting Meade, 841 F.2d at 1521 n. 7 (10th Cir.1988)); (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, see, e.g., Willner v. University of Kansas, 848 F.2d 1023, 1030 (10th Cir.1988) (per curiam), cert. denied, 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989); Standard Metals, 817 F.2d at 629; Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989); Spiller v. U.S.V. Labs., Inc., 842 F.2d 535, 538 (1st Cir.1988); and (5) the efficacy of lesser sanctions. See Ocelot Oil, 847 F.2d at 1465; Meade, 841 F.2d at 1520; Taylor v. Medtronics, Inc., 861 F.2d 980, 986 (6th Cir.1988). “Only when the aggravating factors outweigh the judicial system’s strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.” Meade, 841 F.2d at 1521 n. 7 (citations omitted).
These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction. The court should ordinarily evaluate these factors on the record. See Bud Brooks Trucking v. Bill Hodges Trucking, 909 F.2d 1437, 1439 (10th Cir.1990).
III.
After reviewing the record, we conclude that the court acted within its discretion in dismissing the case. With regard to the first factor, Judge Carrigan noted that Ehrenhaus’ actions prejudiced the defendants by causing delay and mounting attorney’s fees. Moreover, as one defendant argued below, a lawsuit containing the serious and stigmatizing allegations of fraud damages the reputation of those accused so long as the lawsuit remains pending. However, the delay involved in this case, by itself, would not be sufficient to warrant dismissal absent other justifying circumstances. Cf. Ocelot Oil, 847 F.2d at 1465 (“isolated instances of noncompliance,” without more, generally insufficient to warrant dismissal).
The second factor, interference with the judicial process, also supports the district court’s action. When he wilfully failed to comply with a direct court order, Ehren-haus flouted the court’s authority. As Judge Sparr noted in his order dismissing the case, “If this debtor could ignore court orders here without suffering the consequences, then [the district cjourt cannot administer orderly justice, and the result would be chaos.” R., Vol. I, Doc. 33, at 2.
Judge Sparr explicitly considered the third factor, Ehrenhaus’ culpability. In his order of dismissal, the judge made a finding of fact that “Ehrenhaus simply and intentionally refused to appear, which the Court finds to be in bad faith and wilful and intentional disobedience to two court orders. It is plaintiff’s acts, not those of his counsel, which are at issue here.” Id. at 3. This finding is not clearly erroneous.
Judge Carrigan put Ehrenhaus on notice that failure to comply with the court’s order would subject Ehrenhaus’ claims to dismissal when he invited defense counsel to file a motion to dismiss if Ehrenhaus failed to attend the ordered continuation of his deposition. This warning satisfies the fourth factor.
The fifth factor, the efficacy of lesser sanctions, does give us some pause. Judge Sparr did not consider the efficacy of lesser sanctions as fully as we would have liked. Some of his comments could be construed to suggest that he did not believe he had the discretion to consider other sanctions in light of Judge Carrigan’s earlier remarks. On the other hand, after reviewing the *922 entire record, it is clear that Judge Sparr knew he had the authority to deny the motion to dismiss if he felt it was not warranted under the circumstances.[4] We have no reason to believe that Judge Sparr was unaware of Tenth Circuit law that the sanction of dismissal is not ordinarily warranted if lesser sanctions would be effective. Here, Judge Sparr apparently believed that dismissal might in fact be too lenient a sanction and that jailing Ehren-haus for contempt might be more appropriate. At any rate, in his order dismissing Ehrenhaus’ claims, Judge Sparr made specific findings of fact to justify the sanction of dismissal, and he specifically rejected as without merit Ehrenhaus’ argument that the remedy of dismissal was unduly harsh.
A district court should ordinarily consider and address all of the above factors before imposing dismissal as a sanction. However, often some of these factors will take on more importance than others. In this case, Ehrenhaus was on notice that noncompliance with the court order would likely result in dismissal. Despite the warning, he intentionally failed to comply. These two factors, along with evidence in the record lending support to the other factors, satisfy us that the decision to dismiss the case was within Judge Sparr’s discretion.
Accordingly, we AFFIRM the district court’s dismissal of Ehrenhaus’ claims against the appellees.

. R., Vol. Ill, at 15. That remark occurred during a dialogue that took place after counsel for the defendants informed the court that they had scheduled the remainder of Ehrenhaus’ deposition for March 12:
THE COURT: Is there any objection to March 12th?
MR. WINTER [Ehrenhaus’ counsel]: The principal objection is if the court allows us to withdra[w], Mr. Ehrenhaus ... was requesting the Court grant him a reasonable time of 60 days to get replacement counsel, or to get them up to speed in the action. He wants to proceed with the litigation but he wants to do so with prepared replacement counsel.
THE COURT: Well, he's known for a long time that you wanted to withdraw.
MR. WINTER: That’s correct.
THE COURT: How long has he known that?
MR. KAHN: December 18.
THE COURT: He has known for almost three months, two and a half months, that you wanted to withdraw?
MR. WINTER: We have explained that we cannot remain, and—
THE COURT: Well, you tell him to come here with another attorney on March 12th. If he doesn’t show up I will expect a motion from the defendants that his case be dismissed for failure to cooperate in discovery.
THE COURT: .... This business of having attorneys withdraw has become a common tactic in stalling litigation and harassing the other side, it just makes everything so much more expensive for everybody every time these people come over here with their seven lawyers. They are not — you know, the meters are running, the defendants are paying attorney’s fees, why shouldn’t Ehrenhaus be paying an attorney’s fee. He doesn’t have to, he has a right to be pro se, if he wants to, but he’s going to be one or the other or he’s not going to be i[n] this court. And you had better get him the message loud and clear.
Id. at 15-17.

. The appellees argue erroneously that Ehren-haus’ notice of appeal was not timely. Entry of the order of dismissal occurred on June 28, 1990. Ehrenhaus filed his notice of appeal on July 26, 1990, within the 30 days mandated by Fed.R.App.P. 4(a)(1). See Herrera v. First Northern Sav. & Loan Ass'n, 805 F.2d 896, 899 (10th *920 Cir.1986) (entry of judgment does not occur until substance of written judgment document is " 'reflected in an appropriate notation on the docket sheet assigned to the action in the district court’ ”) (citation omitted).

. Particularly in cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation. See, e.g., Mitchell v. Inman, 682 F.2d 886, 887 (11th Cir.1982) (per curiam). In the instant case, however, Ehrenhaus was represented by counsel at all relevant times and knew of the potential consequences of his actions.

. He also advised the parties that he could consider other sanctions if he decided to deny the motion to dismiss.