**Terry L. WITHERSPOON, Plaintiff,**

v.

**ROADWAY EXPRESS, INC., Defendant.**

**No. 90–2326–L.**

United States District Court,
D. Kansas.

June 24, 1992.

Julie A.N. Sample, Payne & Jones, Chtd., Overland Park, Kan., for plaintiff.

Terry L. Witherspoon, pro se.

Terri L. Bezek, Daniel B. Denk, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On May 13, 1992, this court filed a Memorandum and Order and Notice and Order to Show Cause (Doc # 81) directing the plaintiff in this case to obey the court's order of February 18, 1992, (Doc # 59), and pay the sum of $250.00 to the clerk of this court or show good cause why the order has not been complied with, and also to show good cause as to why he has not cooperated with defendant's discovery requests. In the order of May 13, 1992, the court provided that if either of these orders was not complied with by May 26, 1992, the court would grant the defendant's motion to dismiss (Doc # 39).

As of May 26, 1992, the plaintiff had made no showing to the court whatsoever in response to the Memorandum and Order and Notice and Order to Show Cause. Because the plaintiff is now acting *pro se* and because no acknowledgement of receipt had been received by the clerk, the court felt it appropriate to give him an additional opportunity to respond. The court reissued its Memorandum and Order and Notice and Order to Show Cause, moving the date for response to June 10, 1992. To date there has still been no response.

The power of the court to dismiss this suit stems from the Federal Rules of Civil Procedure. Rule 41(b) states, in relevant part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action, or any claim against the defendant." The defendant originally moved for dismissal on December 4, 1992, (Doc # 39) and renewed the motion on January 21, 1992, (Doc # 51) and April 13, 1992 (Doc # 73). The refusal of the plaintiff to pay the sanctions previously ordered in light of the court's Notice and Order to Show Cause and the plaintiff's total lack of response to it justifies granting a dismissal here and now.

In addition, Rule 37(b)(2)(C) grants the court the power to dismiss an action if a party fails to comply with an order to provide or permit discovery. By virtue of the plaintiff's failure to attend the May 4, 1992, discovery conference and to cooperate in further discovery the court has the power to dismiss plaintiff's claim.

To validly dismiss an action under Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure the court must look at five factors to determine if good cause exists. *Ehrenhaus v. Reynolds et al.*, 965 F.2d 916 (10th Cir.1992). "These factors do not constitute a rigid test; rather they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.* at 921.

The first factor is the degree of prejudice to the defendant created by the plaintiff's failure to comply with the order. With each delay caused by the plaintiff's failure to respond to a discovery request further expense is being incurred by the defendant in the form of time invested and attorney's fees. The fact that the plaintiff is acting *pro se*, and is not incurring similar expenses, compounds the situation.

The second factor deals with the degree of interference the plaintiff has caused in the judicial process. By not cooperating in discovery the plaintiff has caused undue delay, and by ignoring the orders of the court the plaintiff is challenging its authority.

The third factor is the plaintiff's culpability. The plaintiff has refused to cooperate

with discovery, failed to attend a discovery conference, ignored court orders dealing with discovery and with the payment of previous sanctions. By acting *pro se* the plaintiff has no one to blame for these deficiencies but himself. He is clearly culpable.

The fourth factor concerns notice. Notice to the plaintiff has been clear and direct. In the Memorandum and Order and Notice to Show Cause (Doc # 81) the court stated that if the plaintiff did not reply satisfactorily his suit could be dismissed with prejudice. In spite òf his, plaintiff has made no response.

The fifth factor deals with whether a lesser sanction would suffice. Dismissal of an action with prejudice is a harsh sanction. "Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'" *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir.1988) (citations omitted). Due to the completeness of the sanction, it is important to look at the efficacy of lesser sanctions. This is even more true for *pro se* plaintiffs, who without legal training may be prone to violate the rules of the court unknowingly. In this case the court had previously imposed a $250 sanction arising out of the plaintiff's providing false financial information to the court in an attempt to be declared indigent. The sanction remains unpaid. It is therefore the belief of the court that lesser sanctions are not effective and dismissal of the action is warranted.

Having addressed the five factors which help govern the use of dismissal as a sanction, the court is satisfied that dismissal with prejudice is appropriate under Rule 37 as well as under Rule 41.

Because of the plaintiff's failure to comply with the Memorandum and Order and Notice and Order to Show Cause (Doc # 81), the court dismisses the plaintiff's action with prejudice.

IT IS SO ORDERED.