43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald W. GREGORY, Dorothy L. Gregory, Plaintiffs-Appellants,
v.
Paul D. RUBNER, Lee M. Kutner, Paul D. Rubner, P.C., also
known as Rubner & Kutner, P.C., Defendants-Appellees.
 No. 94-1238.
 United States Court of Appeals, Tenth Circuit.
 Dec. 12, 1994.
 
 Before BRORBY, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Ronald W. Gregory and Dorothy L. Gregory, plaintiffs below, hereinafter referred to as "Gregorys," appearing pro se, appeal from the district court's Order of October 8, 1992, dismissing their complaint and claims against defendants and its Order of April 28, 1994, denying Gregorys' Motion to Reconsider Order of Dismissal.
 
 Facts
 
 3
 Defendants are attorneys who were retained by Gregorys to represent Gregorys in a then pending Chapter 11 case in the United States Bankruptcy Court for the District of Colorado. Defendants negotiated a settlement on behalf of Gregorys which was approved by the bankruptcy court on September 8, 1986. Thereafter, and on January 5, 1987, defendants were permitted to withdraw as counsel for Gregorys and substitute counsel was appointed by the bankruptcy court's nunc pro tunc order of December 23, 1986. Gregorys' confirmation hearing was not held until March 2, 1988, over a year after defendants ceased their representation of Gregorys.
 
 
 4
 On February 10, 1992, Gregorys filed a complaint for negligence and legal malpractice against defendants for various alleged acts of failure to warn or advise Gregorys and/or acts of negligence during the course of defendants' representation of Gregorys in the bankruptcy proceeding resulting in "... the total loss of their estate ... together with the reduction of PLAINTIFFS' financial status to that of paupers." (R., Vol. I, Tab C, p. 8). Gregorys sought compensatory and punitive damages and other relief.
 
 
 5
 Defendants answered the Gregorys' complaint and thereafter on September 18, 1992, defendants filed a Motion to Dismiss alleging, inter alia, that: the Gregorys had failed to respond to interrogatories submitted by defendants; the Gregorys had failed to cooperate or respond to defendants' efforts to depose the Gregorys; the Gregorys had failed to respond to a request for documents; and Ronald W. Gregory had failed to appear for his deposition following notice pursuant to Fed.R.Civ.P. 30(a) or to cooperate in any way in setting a date for his deposition. The defendants claimed that these various defaults on the part of the Gregorys prevented the defendants from preparing their defense in the case and denied defendants their right to a speedy determination of the issues. (R., Vol. I, Tab 21 and Exh. G). The Gregorys had shown their mailing address on their verified complaint as c/o J. Bayne, P.O. Box 29773, Thornton, Colorado 80229. Later, and on July 3, 1992, Mr. Gregory showed a "2d temporary mailing address as Gritznerstrasse 38 # 93, 1000 Berlin 41, Germany."
 
 
 6
 At a hearing held on August 24, 1992, some five (5) months after the complaint was filed, counsel for the defendants observed that repeated efforts by the defendants to obtain discovery from the Gregorys (depositions, interrogatories or documents) had failed and that defendants were unable to consult experts or otherwise prepare for trial.
 
 
 7
 In an Order dated October 4, 1992, the district court directed the Gregorys to (a) respond on or before October 19, 1992, to defendants' interrogatories, (b) respond on or before October 23, 1992, to defendants' Motion to Dismiss, (c) submit to their depositions on or before October 27, 1992, and (d) file with the court and defense counsel their telephone number or appear on October 8, 1992, to show cause why they could not do so.
 
 
 8
 On October 8, 1992, the court entered its Order of Dismissal, finding that Gregorys had failed to notify the clerk or defense counsel of their telephone number or otherwise appear on October 8, 1992, to show cause. Thereafter, on October 8, 1992, Gregorys filed a Response to the court's October 4, 1992, order, representing that they were without a permanent home and telephone, that they did not have sufficient time to appear personally on October 8, 1992, but that with the permission of their daughter, they submitted her telephone number for their contact.
 
 
 9
 On October 13, 1992, the Gregorys moved the court to "Reconsider the Order of Dismissal," contending that they had faithfully cooperated and complied with the order of October 4, 1992. In their Motion to Reconsider the Order of Dismissal, Gregorys represented that when the court's Order of October 4, 1992, was mailed they were located in Riverton, Wyoming, where on October 7, 1992, they were notified of the hearing, but because they were 380 miles from Denver, they were physically prevented from appearing on October 8, 1992 (Id., Tab 27). Even though the Gregorys did not appear in person or otherwise inform the court of their whereabouts, they represented that they did arrive in Denver at approximately 4:00 o'clock p.m. on October 8, 1992, and that they then prepared and filed a notice with the clerk of court that day setting forth their telephone number in compliance with the court's order. Id. In a memorandum in support of their Motion to Reconsider, Gregorys represented "Plaintiffs are without a home, and therefore, are without a telephone. The telephone numbers as provided through letter and filed documents are those of plaintiffs' children--one in Germany and one in Denver, Colorado--and both of whom can contact plaintiffs immediately." Id., Tab 28. We observe that this information had not been previously submitted to the court or to the defendants.
 
 
 10
 On April 28, 1994, the district court entered an Order denying Gregorys' motion to reconsider, finding, based on a review of the entire file, that Gregorys had practiced an "entire history of delay." Id., Tab 35.
 
 Contentions on Appeal
 
 11
 On appeal, Gregorys contend that the district court erred (1) by dismissing the case when they were in compliance with the court's Order of October 4, 1992, (2) by enlarging its bases for dismissal in the court's Order of April 28, 1994, which encompassed matters not addressed in the October 4, 1992, order, (3) by entering the Order of Dismissal when time parameters set forth for Gregorys' performance in the October 4, 1992, order had not yet matured, and (4) in disregarding its own language granting Gregorys discretion as to compliance of Section 5 alternatives set forth in the October 4, 1992, order.
 
 
 12
 iOur Disposition
 
 
 13
 In Gocolay v. New Mexico Fed. Sav. & Loan Ass'n., 968 F.2d 1017, 1020 (10th Cir.1992), we observed that the district court has authority to dismiss an action for failure to obey a discovery order and that we review such sanctions only for abuse of discretion in light of the totality of the circumstances.
 
 
 14
 In Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir.1992), we held:
 
 
 15
 Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant," Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465 (10th Cir.1988) (quoting Meade, 841 F.2d at 1521 n. 7 (10th Cir.1988)); (4) whether the court warned the party in advance that dismissal of the action would be a likely action for non-compliance, See e.g., Willner v. University of Kansas, 848 F.2d 1023, 1030 (10th Cir.1988) (per curiam), cert. denied, 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989) ... and (5) the efficacy of lesser sanctions. See Ocelot Oil, 847 F.2d at 1465; Meade, 841 F.2d at 1520; Taylor v. Medtronics, Inc., 861 F.2d 980, 986 (6th Cir.1988).
 
 
 16
 After reviewing the entire record on appeal, we hold that the district court acted within its discretion in dismissing this case. Here, the Gregorys failed to comply with the direct order of the court, after having been put on notice of the harsh consequences. Prior thereto the record demonstrates that the Gregorys' delays and non-compliance with discovery requests prejudiced the defendants by causing delay. We know of no lesser sanctions which would have corrected or cured Gregorys' defaults.
 
 
 17
 We affirm for substantially the reasons set forth in the district court's Order of Dismissal entered October 8, 1992, and its Order denying Gregorys' motion to reconsider, entered April 28, 1994.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470