69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Stanley H. OLSEN, Petitioner-Appellant,
and
Victoria L. Olsen, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-9014.
 United States Court of Appeals, Tenth Circuit.
 April 7, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This is a pro se appeal from the dismissal of a petition challenging a deficiency notice in the Tax Court. Dismissal was granted when petitioner advised the court he had neither witnesses nor documentary evidence to present in support of his petition. He has appealed to us asserting the dismissal was erroneously ordered as well as other peripheral issues. After examination of the briefs and the record, we affirm.[1]
 
 
 2
 The pertinent facts are well known to the parties; therefore, they need not be repeated here. Because the order appealed is that which dismissed the petition in the Tax Court, the only issue before us is whether that order was erroneously granted. Accordingly, our review is confined to that one question.
 
 
 3
 We review a trial court's sanction order of dismissal by an abuse of discretion standard. Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir.1992). Such a sanction is reasonable only in cases of "willful misconduct." Id. Because the sanction is drastic, it must be "just" and related to a previous court order upon which the dismissal was based. Id.
 
 
 4
 Given that standard, we believe the Tax Court correctly concluded petitioner's failure to prosecute his claim was willful under the circumstances, and we adopt its reasoning. The record clearly discloses petitioner had been ordered to comply with specific pretrial directives related to trial preparation and failed to do so. Moreover, when the day of trial arose, he was unprepared with evidence to support his petition, and the reasoning he advanced to explain his default was groundless.
 
 
 5
 We specifically note petitioner's Fifth Amendment rationale for not presenting evidence is inapposite. As observed by the Tax Court, any matter necessary to the prosecution of his case which might have given rise to a Fifth Amendment claim could have been effectively considered at trial. It was conceded by the government it was not going to call petitioner as a witness; therefore, he was not going to be forced to testify.
 
 
 6
 Yet, despite sound assurance he was not under criminal investigation, petitioner chose to stand on a vague assertion of a right not to incriminate himself as an excuse for not having evidence to support his petition. How petitioner would have incriminated himself by presenting his case is undisclosed to us as it was to the Tax Court. Thus, on the basis of the record, we judge the claim groundless.
 
 
 7
 Moreover, petitioner filed a case in the Tax Court asserting the Commissioner had wrongfully determined deficiencies in petitioner's returns. Having taken this tack, he had the burden of proving his case. He could not avoid this burden with an unspecific assertion that prosecution of the case would implicate his self-incrimination rights. Under these circumstances, it is clear petitioner's Fifth Amendment rights were not denied by the Tax Court; he simply failed to raise them in a manner that would permit the court to rule upon them.
 
 
 8
 Finally, petitioner failed to respond to orders relating to pretrial preparation. Without having either stipulated to relevant facts or presenting evidentiary support for his petition, petitioner clearly defaulted in its prosecution.
 
 
 9
 The care with which the Tax Court dealt with petitioner makes apparent the dismissal was not a precipitous ruling. The petition had been pending for approximately a year and a half during which petitioner had ample notice of the Tax Court's requirements for trial. Yet, petitioner made no effort to bring to the attention of the court those matters he viewed as an impediment to proceeding to trial during that whole time.
 
 
 10
 Our review leads us to the conclusion the Tax Court's order was just in the light of the record and that the court did not abuse its discretion in dismissing the petition. The judgment is therefore AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument