77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 PHILLIPS USA, INC.; William Felton & Company Pty., Limited,
Plaintiffs-Appellants,
v.
ALLFLEX USA, INC.; Allflex Holdings Ltd.; Allflex New
Zealand, Ltd.; Allflex North American Holdings, Inc.;
Allflex, S.A.; S.F.I.E.; N.J. Phillips Pty., Ltd.;
Allflex Group Holdings, Limited; Mirabelle Palmerston
North, Limited; S.F.I.E. New Zealand, Limited; Runymede
Eighteen, Limited, Defendants-Appellees.
 No. 95-3004.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1996.
 ORDER AND JUDGMENT[1]
 
 1
 Before EBEL and LOGAN, Circuit Judges, and HOLMES, District Judge.[2]
 
 
 2
 Plaintiffs Phillips USA, Inc. (Phillips USA) and William Felton & Company Pty., Ltd. (Felton & Co.) appeal the district court'S order dismissing some claims and giving summary judgment on the other claims in their multi-party action. A statement of plaintiffs' issues on appeal requires a description of the litigation, aptly stated in the district court's memorandum and order from which plaintiffs appeal.
 
 
 3
 The procedural history of this case is a long and tortured one. The present action was filed by plaintiffs Phillips USA, Inc. ("Phillips USA") and William Felton & Company Pty. Ltd. ("Felton & Co.") against Allflex USA, Allflex NZ, Allflex SA, N.J. Phillips Pty. Ltd. ("NJP") and various other defendants on January 7, 1994. It involves a number of claims, including breach of fiduciary duty, tortious interference with contract and civil conspiracy arising out of a series of transactions concerning the sale and distribution of veterinary products manufactured by NJP and distributed in the United States by plaintiff Phillips USA and, additionally, Allflex USA. This is the second action by plaintiff Phillips USA alleging such claims against Allflex USA, Allflex NZ, Allflex SA, NJP and others. Phillips USA first filed suit in 1992 (the "1992 action"), but that complaint was dismissed in late 1993.
 
 
 4
 Before entering litigation in the United States, plaintiffs Phillips USA and Felton & Co. brought an action in the Federal Court of Australia, New South Wales District ("Australian action") against NJP alleging, among other things, breach of an exclusive distributorship agreement with Felton & Co. On May 29, 1992, the Australian court found that the shipment of NJP products to Allflex NZ for ultimate distribution in the United States constituted a breach of the distribution agreement which then existed between Felton & Co. and NJP.
 
 
 5
 On December 10, 1993, the court dismissed with prejudice plaintiff Phillips USA's claims against NJP in the 1992 Kansas action. On plaintiff's motion, the court dismissed without prejudice plaintiff's claims against Allflex USA, Allflex NZ and Allflex SA. However, upon reconsideration of that order the court vacated its prior order, granted plaintiff a dismissal without prejudice, but attached certain stringent conditions. The court ordered that due to Phillips USA's refiling of its action against Allflex USA, two motions by Allflex USA for Rule 37 sanctions, seeking dismissal of all claims as an appropriate sanction in the 1992 action (Docs. # 185 and # 194 in the 1992 action), would be automatically revived and considered as pending in the new case. District Court Order and Memorandum, VIII App. doc. 215 at 2-4 (citations omitted).
 
 
 6
 The district court granted Allflex USA's motion for dismissal with prejudice for abuse of discovery, granted Allflex NZ and Allflex SA's motion for summary judgment on all counts against them as barred by the statute of limitations, and granted N.J. Phillips (NJP) summary judgment on the basis that the 1992 judgment was res judicata to the 1994 claims against NJP.
 
 
 7
 On appeal plaintiffs assert that the district court (1) erred in finding that res judicata barred plaintiffs' cause of action against NJP; (2) abused its discretion in dismissing Phillips USA's contract claims against Allflex USA and Allflex NZ for failure to comply with discovery orders; and (3) in determining that the statute of limitations barred plaintiffs' actions against the Allflex defendants.
 
 
 8
 * We have on this date in appeal No. 94-3288 affirmed the district court's ruling that the Australian judgment barred Phillips USA's 1992 lawsuit against NJP on res judicata grounds. In the instant case plaintiffs make the same argument that Phillips USA made in appealing that ruling. Of course, in this case, Felton & Co. has been added as a party plaintiff. But Felton & Co. apparently concedes that it is in privity with Phillips USA, and argues only that res judicata does not bar this action. For the reasons stated in our opinion in No. 94-3288 we reject this argument.
 
 II
 
 9
 We next address the dismissal of Phillips USA's claims against Allflex USA for failure to comply with discovery orders. The applicable rule provides in relevant part:
 
 
 10
 If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 
 
 11
 ....
 
 
 12
 (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.
 
 
 13
 Fed.R.Civ.P. 37(b)(2).
 
 
 14
 We review the imposition of the sanction of dismissal of an action for abuse of discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). Dismissal is a harsh sanction and due process requires that it be imposed only for "willfulness, bad faith, or [some] fault of petitioner" and not for inability to comply. Id. at 640 (quoting Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958)).
 
 
 15
 Defendants Allflex USA and Allflex NZ moved to dismiss Phillips USA's case against them for alleged failure to respond to several discovery orders. These defendants contended, among other things, that Phillips USA violated the court's order of June 8, 1993, II App. doc. 121, to respond to their "First Set of Interrogatories and Request for Production of Documents"; as well as the court's order directing Phillips USA to produce documents responsive to defendants' requests for production. The magistrate judge in his report and recommendation noted that
 
 
 16
 Phillips responds to these allegations with assertions that it provided certain requested discovery. Citing examples, plaintiff submits that overall it has produced thousands of documents. It says it has answered interrogatories.... That it has produced some documents and answered some interrogatories, however, does not show that it has fully complied with the orders of this court.
 
 
 17
 VI App. doc. 78 at 3-4. The magistrate judge recommended that the district court find Phillips USA had disobeyed direct orders of the court, and thus sanctions were appropriate. The judge discussed the factors set out in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir.1992), and recommended that the case be dismissed. Phillips USA filed specific objections.
 
 
 18
 The district court summarized the magistrate judge's findings: "the magistrate concluded that Phillips USA chose a strategy of delay and contempt for the judicial process, that it failed without adequate explanation or excuse to comply with orders of the court directing completion of discovery, and that Phillips USA's conduct amounted to willful and not simply involuntary noncompliance with court orders." VIII App. doc. 215 at 5. The district court then addressed Phillips USA's specific objections de novo. It agreed with the magistrate judge's findings that Phillips USA indeed failed to comply with a June 8, 1993 order to supplement answers to interrogatories, and failed to provide documents ordered produced on August 19, 1993. The court, however, found that the magistrate judge erroneously stated that Phillips USA had failed to pay a $1000 sanction.
 
 
 19
 Phillips USA argued that it did not answer or produce documents on June 28, 1993, as ordered because the count of misuse of confidential information (Count VI of the second amended complaint) had been dismissed with prejudice, thus the documents were no longer necessary and the court's order moot. In rejecting this argument the district court pointed out that Count VI was not dismissed until December 1993. Further, Count VI was not the sole subject of inquiry of the requests and interrogatories; and "[t]he information sought continues to be relevant in this action, yet plaintiffs continue to object to its discovery." VIII App. doc. 215 at 8. The district court also pointed out that Phillips USA, by asserting it began efforts to comply with the magistrate judge's August 1993 order in April of 1994, concedes that it made no timely efforts to comply.
 
 
 20
 The district court adopted the magistrate judge's legal analysis of Ehrenhaus factors. In that case we set out five factors for a district court to consider before granting a Rule 37 dismissal. These factors include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process ...;(3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Ehrenhaus, 965 F.2d at 921 (citations omitted). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider." Id. These factors should ordinarily be evaluated on the record. Id.
 
 
 21
 We agree with the analysis set out in the magistrate judge's report and recommendation as elaborated upon by the district court. First, the Allflex defendants were prejudiced by Phillips USA's failure to comply with discovery requests and the court's orders. The delays caused unneeded expenses and effectively prevented Allflex from obtaining relevant information. In particular one important Felton & Co. employee was no longer employed, could not be noticed, and apparently took some of the relevant financial records, rendering that information unobtainable. VI App. 1590-91, 1595-96; see VIII App. doc. 215 at 10. Although this individual was subpoenaed for a deposition earlier, Allflex persuasively argued that without the financial records the attorneys would be unable to effectively examine him in the detail needed. The lack of discovery presented defendants with the difficult choice of attempting to file for summary judgment without key documents or seeking extensions, incurring further delay and thus further expenses. Id. at 10-11.
 
 
 22
 The second factor, "the amount of interference with the judicial process," was also considered significant because the court found that Phillips USA willfully chose not to comply with orders of the court, thus "hinder[ing] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party." Jones v. Thompson, 996 F.2d 261, 265 (10th Cir.1993) (citation omitted). The district court found that plaintiff has engaged in "persistent evasiveness" which had made it difficult to effect "a fair administration of justice." VIII App. doc. 215 at 11, n. 1.
 
 
 23
 The "culpability of the litigant" factor is not always easy to determine, as the magistrate judge noted. VI App. doc. 78 at 8 (citing Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465 (10th Cir.1988) (other citations omitted)). But litigants against whom dismissal is sought have the burden to show the court that "they are blameless victims." Jones, 966 F.2d at 265. Both the magistrate judge and the district court concluded Phillips USA did not meet this burden.
 
 
 24
 The fourth factor to be considered is whether the party was notified that its failures to comply with court orders might result in dismissal. There was no specific warning here, but the court did raise the possibility of dismissal for abuse of discovery in its order of June 8, 1993, although it did not impose the sanction at that time. See Ehrenhaus, 965 F.2d at 921.
 
 
 25
 Finally, the magistrate judge and district court considered but rejected the efficacy of lesser sanctions. The magistrate judge had earlier levied a $1000 sanction against Phillips USA. That sanction was ultimately paid, but three months late. The order was to do so by July 20, payment was made on October 9, 1993, after Phillips USA moved for voluntary dismissal. Additionally, it did not inform the court on the record that it had done so, as ordered. See VIII App. doc. 215 at 9. Phillips USA continued in its pattern of delay. We have reviewed the entire record on appeal; it supports the district court's factual findings and its analysis under Ehrenhaus. Although dismissal is a severe sanction, we hold that it was not an abuse of the court's discretion.
 
 III
 
 26
 Finally, Phillips USA argues that the district court erred in determining that its claim in Count I--that the Allflex defendants tortiously interfered with its contractual relations with NJP--was barred by the statute of limitations. In this diversity action, we apply state statutes of limitations. Kansas law provides that a tort action must be filed within two years of the date the cause of action accrued. Kan. Stat. Ann. 60-513(a)(4). The action has not accrued "until the act giving rise to the cause of action first causes substantial injury, or until the time the fact of injury (inferentially, the fact of substantial injury) becomes reasonably ascertainable to the injured party." Olson v. State Highway Comm'n, 679 P.2d 167, 172-73 (Kan.1984); Kan. Stat. Ann. 60-513(b).
 
 The district court stated that
 
 27
 [t]he gravamen of plaintiffs' complaint is that the tortious interference of the Allflex group of companies caused NJP to breach its agreement with Felton & Co., causing plaintiff severe injury. NJP's breach and the alleged interference of the Allflex companies gave rise to the same injuries or damages to plaintiffs. The same acts and events giving rise to NJP's breach of contract substantially form the basis of plaintiffs' tortious interference claim against Allflex NZ and SA. Thus, once plaintiffs ascertained, or could reasonably have ascertained injury from NJP's breach of contract, it was at that moment also reasonably ascertainable that the company distributing NJP products was interfering with plaintiffs' contractual relations with NJP.
 
 
 28
 VIII App. doc. 215 at 17-18. The court noted that Phillips USA filed a suit in 1991 asserting it lost sales because NJP used another distributor (Allflex) to sell its products in the United States; thus, plaintiffs could have reasonably ascertained injury from defendants' alleged tortious acts at that time, and therefore their tort cause of action against defendants accrued in December 1991. In rejecting plaintiffs' assertion that the specific acts of Allflex NZ and SA that constitute tortious interference could not be ascertained until after January of 1992, the court relied on an October 8, 1991 letter to the president of Allflex USA from the general counsel of Felton & Co. and Phillips USA, stating that he had been instructed to pursue a lawsuit "against your company ... [including] tortious interference with contract." VIII App. doc. 215 at 20.
 
 
 29
 The district court relied upon Lockridge v. Tweco Prods., Inc., 497 P.2d 131, 135-36 (Kan.1972), in finding that the alleged tortious conduct was not a continuing tort. In Lockridge, the Kansas court determined that misappropriation of a trade secret causes an injury at the time of the first misappropriation or use, and thus each new use of the secret does not create a new cause of action. It concluded that the injury was not continuing, rather, it was a "fixed, palpable, ascertainable and nonrecurring event." Id. at 137. Applying Lockridge to this case, the district court determined that the "moving defendants' interference was a fixed and ascertainable event .... [and that] once the NJP/Allflex NZ contract was signed on December 10, 1991, the injury was complete." VIII App. doc. 215 at 22-23.
 
 
 30
 On appeal, plaintiffs argue that the district court erroneously applied Lockridge, because that case involved a single immediate injury once the trade secret was misappropriated, whereas here each time NJP products were shipped to Allflex NZ and reshipped to Allflex USA for resale, plaintiffs suffered injury and damages as a result of tortious interference with the Felton-NJP contract. Plaintiffs assert that Olson v. State Highway Commission requires a different result. Olson held that the statute does not begin to run until substantial injury occurs or becomes reasonably ascertainable. 679 P.2d at 172-73 (1984).[3]
 
 
 31
 Even if, as plaintiffs argue, they incurred damages with each shipment by defendants, that does not solve their statute of limitations problem. Kansas law is clear that "[i]f substantial injury does not occur at the time of the original act but occurs later, then the two-year statute of limitations begins to run when the injury is reasonably ascertainable.... A reasonably ascertainable injury is inferentially a substantial injury." Bryson v. Wichita State Univ., 880 P.2d 800, 803 (Kan.App.1994) (citations omitted). A substantial injury "means the victim must have sufficient ascertainable injury to justify an action for recovery of the damages, regardless of extent." Roe v. Diefendorf, 689 P.2d 855 (Kan.1984). There can be no question on the record before us that plaintiffs had an alleged substantial injury when the NJP-Allflex contract was signed. See also McCaffree Fin. Corp. v. Nunnink, 847 P.2d 1321, 1330 (Kan.App.1993) ("Any fact that should excite [an injured party's] suspicion is the same as actual knowledge of his entire claim."). Thus the statute of limitations began to run in December 1991, and the district court correctly found that plaintiffs' claim on Count I was barred.[4]
 
 
 32
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 The Honorable Sven Erik Holmes, United States District Judge, United States District Court for the Northern District of Oklahoma, sitting by designation
 
 
 [3]
 In Olson, the court held that plaintiff's discovery of a hairline crack in a foundation, caused by defendant's blasting, did not start the limitations period when later blasting caused larger cracks from the ceiling to the floor. A jury could infer that the fact of injury did not become ascertainable and/or that substantial injury did not occur until after the larger cracks appeared
 
 
 [4]
 We do not find the issues on appeal to be frivolous, thus we deny defendants' motions for sanctions with respect to the appeal. We grant appellees' motion to supplement the record