**Terry A. CARTER, et al., Plaintiffs,**

v.

**IPC INTERNATIONAL CORPORATION, et al., Defendants.**

**No. 00–4211–JAR.**

United States District Court, D. Kansas.

May 23, 2002.

Richard T. Merker, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, KS, Thomas L. Theis, Foulston & Siefkin L.L.P., Topeka, KS, Bernard T. Schmitt, Lorna L. Hilt, Ian M. Bartalos, Brian Michael Bartalos, Harris, McCausland & Schmitt, P.C., Kansas City, MO, Douglas R. Richmond, Casey O. Housley, Michael L. Matula, Armstrong Teasdale LLP, Kansas City, MO, for defendants.

Terry E. Beck, Beck Law Office LLC, Jo Ann Van Meter, Topeka, KS, James L. Daniels, Kansas City, MO, for plaintiffs.

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

ROBINSON, District Judge.

This matter comes before the Court pursuant to Defendants' Renewed Motion For Sanctions and/or Dismissal filed on April 12, 2002 (Doc. 40) by Defendants Patrick Sawyer, Steven Rhodd, Byron Endsley, IPC International, and the City of Topeka. These are the only defendants remaining in this

case. Plaintiffs have not responded to the motion.[1] Defendants previously moved for sanctions after plaintiffs' failure to abide by Court orders concerning discovery. Although the motion was ultimately denied, the Court reset deadlines for plaintiffs to provide discovery responses and specifically warned plaintiffs that further defiance of Court orders could lead to dismissal of their lawsuits.

The discovery at issue was served more than eight months ago. At one time, there was a Court-imposed deadline of September 28, 2001 to comply, but plaintiffs did not do so. After forcing the defendants to file for sanctions as a result of the failure to meet the Court order, plaintiffs were given a second deadline of March 1, 2002. Plaintiffs have still not responded to date. Plaintiffs have been given ample opportunity to comply with the Court's orders and they have been warned of the consequences of failing to do so. Their continued defiance justifies dismissal.

### Factual Background

On July 10, 2001, defendants served their Second Set of Interrogatories to each plaintiff. On August 3, 2001, defendants propounded additional Interrogatories to plaintiff Terry Carter, and also propounded additional document requests to plaintiff Terry Carter. The Court held a status conference on August 30, 2001. Plaintiff Terry Carter appeared by counsel and in person, but Norman Carter was in state incarceration and unable to attend. At the hearing, the Court granted plaintiffs' attorney's motion to withdraw as counsel and set a deadline for plaintiffs to respond to all outstanding discovery, regardless of whether plaintiffs were able to secure new counsel or not. The Court also cautioned plaintiffs that if they did not cooperate in discovery, they could be subject to sanctions or even dismissal of their case. Pursuant to the Court's Order—as stated during the conference and memorialized in its subsequent Second Amended Scheduling Order—plaintiffs' deadline to provide discovery responses was September 28, 2001. The Court also ordered the Carters to advise the Court about their efforts to secure counsel by September 14, 2001. On October 9, 2001, the defendants filed a motion for dismissal or for other sanctions because the Carters had not met Judge O'Hara's September 28, 2001 discovery deadline. They had also failed to comply with the September 14, 2001 deadline that Judge O'Hara set concerning advising the Court about obtaining new counsel. On October 10, 2001, James Daniels entered his appearance for plaintiffs.

On February 20, 2002, Judge Bostwick denied defendants' motion for sanctions, but in doing so, his order noted that the Court "is very concerned by plaintiffs' failure to comply with the court's order."[2] The Court then set a deadline of March 1, 2002, for plaintiffs to produce and respond to the outstanding discovery requests. The Court's February 20, 2002 Order "expressly cautions plaintiffs that any unjustified, future failure to comply with the orders of this court may result in dismissal of these actions."[3] With regard to defendants discovery requests served over eight months ago, the Carters still have not complied with either Judge O'Hara's Second Amended Scheduling Order or Judge Bostwick's February 20, 2002 Order.

On March 25, 2002, James Daniels, plaintiffs' attorney, moved to withdraw as counsel for the Carters. To support his motion, Mr. Daniels stated that "Ms. Carter has indicated by words and actions that she has no intentions of complying with the Court's Order regarding discovery."[4] He also states that he advised Ms. Carter of her obligation to participate in the discovery process and advised her of the ramifications of failing to comply.[5] This assertion is further supported by a letter attached to Mr. Daniels' motion as

---

1. D. Kan. Rule 7.4 provides that if a respondent fails to file a response within the required time, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

2. Order dated February 20, 2002 (Doc. 98) p. 7.

3. Order filed February 20, 2002 (Doc. 98) p. 8.

4. Motion to Withdraw, p. 4 ¶ 15.

5. *Id.* at p. 4, ¶ 16 & 18.

Exhibit D, in which Ms. Carter states that she "will not sign [her] name to something [interrogatory responses] that [she has] already gone over [in her depositions]." On April 9, 2002, Mr. Daniels filed an Affidavit of Compliance certifying that he admonished Terry and Norman Carter that they are personally responsible for complying with all orders of the court and the time limitations established by the rules of procedure or by court order and the dates of any pending trial, hearing or conference in the case. In his motion to withdraw, Mr. Daniels also requested an extension for plaintiffs to respond to the outstanding discovery. Judge Bostwick's April 9, 2002 Memorandum and Order denies the request for an extension. On April 12, 2002, the defendants filed their renewed motion for sanctions and/or dismissal.

*Discussion*

■ Case law in this Circuit makes it clear that a district judge may dismiss an action for discovery violations.[6] Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure provides that:

If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . . .

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Because of the harshness of dismissal, due process requires that the discovery violation be predicated upon "willfulness, bad faith, or [some] fault of petitioner" rather than inability to comply. This circuit has provided a framework of factors that are to be considered prior to dismissal. The factors relevant to this inquiry, which are not to be used as a "rigid test," are: (1) the degree of actual prejudice to the defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the Court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions.[7] The factors weigh in favor of dismissal in this case.

**A. Prejudice to the Defendants**

■ Defendants have been prejudiced in that they have been forced to depose plaintiffs without the benefit of the discovery responses at issue. Moreover, defendants have been prejudiced in having to now file not one, but two, motions for sanctions to try to get compliance with Court orders. Defendants are also prejudiced to the extent that the Carters wish to assert direct liability claims under § 1983 against the City and/or defendant IPC. Some of the discovery at issue requested the Carters to provide information stating the basis for such claim, if they were asserting it. Their failure to let defendants know if they want to try to assert such a claim and, if so, on what basis, has prejudiced the defendants.

**B. The Amount of Interference with the Judicial Process**

The pretrial conference in this case was originally scheduled for January 2002. This conference was postponed in part because of the pending motion for sanctions, which were compelled due to plaintiffs' failure to abide by Court orders. Moreover, the Court has yet to complete the pretrial conference because of issues related to the plaintiffs' non-compliance with Court orders. Thus, plaintiffs' conduct has substantially interfered with the judicial process because it disrupted the completion of pretrial activity, and has required the Court and the parties to spend time to address issues related to plaintiffs' non-compliance.

**C. Culpability of the Litigant**

This is not a situation where culpability falls on the shoulders of the Carters' attor-

---

6. *Archibeque v. Atchison, Topeka and Santa Fe Railway Co.,* 70 F.3d 1172, 1174 (10th Cir.1995) (citing *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th Cir.1992)).

7. *Id.* (citing *Ehrenhaus* at 921).

neys. Back in August 2001, it was made clear to the plaintiffs that they were to promptly seek counsel and were required to comply with the then-Court ordered deadline of September 28, 2001. The Carters did not comply with this deadline. Moreover, they expressly disobeyed Judge O'Hara's instruction to inform the Court concerning the nature, extent and status of plaintiffs' efforts to retain new counsel.[8] Judge O'Hara not only put these deadlines in the Second Amended Scheduling Order, he also advised Ms. Carter in person about the Court's deadlines. September 14, 2001 and September 28, 2001 came and went without a response from the Carters. Moreover, as reflected in Mr. Daniels' motion to withdraw and the documentation attached to that motion, Ms. Carter apparently does not feel she needs to further respond in discovery. There is willful noncompliance, rather than an inability to comply.

**D. Whether the Court Warned the Party in Advance that Dismissal was Likely**

The Court has previously warned the Carters that future failure to comply with the orders may result in dismissal. Plaintiffs were aware of the possible consequences of their failure to comply.

**E. The Efficacy of Lessor Sanctions**

The Carters have ignored admonitions by both their former attorney and this Court. Moreover, there is no reason to believe that they would be able to satisfy any monetary penalty or fine.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Renewed Motion For Sanctions and/or Dismissal filed on April 12, 2002 (Doc. 40) by Defendants Patrick Sawyer, Steven Rhodd, Byron Endsley, IPC International, and the City of Topeka shall be GRANTED. This case shall be DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

---

**8.** *See* Second Amended Scheduling Order (Doc. 55) p. 2, ¶ 1. James Daniels entered his appearance in October, weeks after the deadline had passed.