FILED
United States Court of Appeals
Tenth Circuit

May 22, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANGIE RODRIGUEZ,

Plaintiff-Appellant,

v.

PRESBYTERIAN HEALTHCARE
SERVICES; JOSEPH MCSWEENEY,

Defendants-Appellees.

No. 12-2151
(D.C. No. 1:11-CV-00238-JEC-LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **O'BRIEN**, Circuit Judges.

---

Angie Rodriguez appeals an order from the district court adopting the

magistrate judge's recommendation to dismiss with prejudice her complaint brought

under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, against

Presbyterian Healthcare Services ("PHS"). The district court dismissed the lawsuit

for discovery abuse. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Rodriguez began work as a compensation consultant for PHS in 2006.  In March 2010, Ms. Rodriguez sought medical treatment for stress and headaches, and was approved for FMLA leave.  After returning to work for a short period, she went back on FMLA leave and short-term disability ("STD") beginning April 22, 2010.  A medical-provider certification noted Ms. Rodriguez could not perform work of any kind.  She nevertheless began working at the Hard Rock Casino as a blackjack dealer on April 27, 2010.  Ms. Rodriguez remained on FMLA leave until June 7, 2010, when she resigned from PHS, apparently under the belief that she had been replaced.

Ms. Rodriguez filed suit against PHS alleging FMLA interference, retaliation, and wrongful termination, along with various common-law claims.  PHS moved to dismiss her complaint as a sanction for discovery abuse related to Ms. Rodriguez's deposition testimony.  PHS alleged that Ms. Rodriguez lied about her employment as a blackjack dealer, falsely denied knowledge of a 2009 pay increase, and tendered false and evasive testimony by answering that she could not recall different events or pieces of information over 350 times.

The magistrate judge concluded that Ms. Rodriguez engaged in "wholesale obstruction" of the discovery process, *see* Aplt. App. at 118, and recommended that the district court grant PHS's motion.  The magistrate judge found that Ms. Rodriguez gave false deposition testimony about when she began her employment as a blackjack dealer and when and how often she worked while on leave at PHS, all in contravention of her assertion that she was entitled to FMLA

leave because she was unable to work. The magistrate judge also found that Ms. Rodriguez's repeated answers that she did not know or could not recall information and events amounted to deliberate and improper evasion of discovery. The magistrate judge stated that is was "simply inconceivable that [Ms. Rodriguez] could not recall very basic information about her employment history and earnings, the location of [her] business, her husband's occupation, her compensation and benefits, her bankruptcy, or her husband's extra-marital affairs." *Id*. Given these findings, the magistrate judge evaluated whether dismissal as a sanction was appropriate under the factors outlined in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (holding that before dismissing as sanction, courts should consider (1) degree of actual prejudice to defendant; (2) amount of interference with judicial process; (3) culpability of litigant; (4) whether court warned the party; and (5) efficacy of lesser sanctions). The magistrate judge concluded that the *Ehrenhaus* factors were sufficiently met—notwithstanding a lack of advance warning—and that the interests of justice were best served by dismissal.

The district court denied Ms. Rodriguez's objections and adopted the magistrate judge's report and recommendation to dismiss the complaint with prejudice. Ms. Rodriguez now appeals.

The district court's decision to dismiss with prejudice for discovery abuse is reviewed for abuse of discretion. Ms. Rodriguez contends that she did not deliberately give false testimony at all, and that the district court misapplied the

- 3 -

*Ehrenhaus* factors.  She argues that the facts do not support a finding of discovery abuse, but even if they do, lesser sanctions would have been appropriate as opposed to an unjustified outright dismissal.

After thoroughly reviewing the record and briefing on appeal, we are not persuaded that the district court abused its discretion when it dismissed Ms. Rodriguez's complaint for discovery abuse.  Indeed, we discern no error with the court's evaluation under the *Ehrenhaus* factors.  Accordingly, we affirm dismissal of Ms. Rodriguez's complaint for substantially the reasons given by the magistrate judge and the district court.

Entered for the Court


Monroe G. McKay
Circuit Judge