FILED
United States Court of Appeals
Tenth Circuit

July 16, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

           Plaintiff-Appellee,

v.

ALBERT CELIO,

           Defendant-Appellant.

No. 09-1505

(D. of Colo.)

(D.C. Nos. 1:08-CV-2088-CMA and
1:01-CR-00165-CMA)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

---

Albert Celio, proceeding pro se,[1] seeks to appeal the dismissal with

prejudice of his amended "Motion to Vacate, Set Aside, or Correct Sentence

Pursuant to 28 U.S.C. § 2255," dated April 28, 2009. The district court dismissed

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] While a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," we will not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Celio's motion for failing to file a short and plain statement of his claims. We exercise jurisdiction under 28 U.S.C. §§ 1291 and 2253, and GRANT Celio a Certificate of Appealability (COA),[2] REVERSE the dismissal of his motion, and REMAND for the district court to provide further guidance to Celio regarding the form of his motion.[3]

## I. Background

In 2001, Celio was indicted for dispensing and distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). After a jury trial in 2005, Celio was convicted on four counts related to Percocet prescriptions he illegally wrote for an undercover Denver police officer. Celio was sentenced to 27 months' imprisonment and three years of supervised release.

---

[2] "Title 28 U.S.C. § 2253 governs our review of a district court's denial of a habeas petition. Under § 2253, we must grant a COA to a habeas petitioner before he may proceed in our court. A COA may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *United States v. Shipp*, 589 F.3d 1084, 1087 (10th Cir. 2009) (quoting 28 U.S.C. § 2253(c)(2)). "[W]hen the district court denies a habeas petition on procedural grounds . . . a COA should issue . . . [if] jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Our reversal of the district court's decision entails the conclusion that "jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling."

[3] Celio also moves "for clarification to the futility in filing cases, appeals, or motions by pro se litigants." Celio essentially asks this court to disprove various allegations he makes against the legal system. We decline to engage in this exercise because it is unrelated to the merits of his habeas appeal.

Celio filed his first motion on September 26, 2008. The motion, which presents 12 primary claims, appears to be based on a standard habeas form. However, the motion refers to attached memoranda for the substance of the allegations and supporting facts. Those memoranda, in turn, by our count total 211 pages and refer to an additional 78 attachments. The magistrate judge found Celio's motion did not constitute a "short and plain statement" of his claims per Rule 8 of the Federal Rules of Civil Procedure, and the judge ordered Celio to amend his motion to substantially follow the standard habeas form. Apart from reciting the language of Rule 8, the magistrate judge's guidance to Celio regarding the form of his motion, in its entirety, was the following:

> [B]urying claims in the middle of a lengthy supporting memorandum does not substantially follow the form § 2255 motion . . . . Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. Movant's claims are not presented in a clear and concise manner that allows the Court and the government to know precisely how Movant believes his rights have been violated and why he believes he is entitled to relief. . . . Movant must present his claims clearly and concisely in a manner that substantially follows either the form appended to the Rules Governing Section 2255 Proceedings or the Court's own form motion . . . .

ROA, Vol. 3 at 38–39.

Celio filed a second motion on October 31, 2008. The second motion is 35 pages long, states 12 primary claims with at least 158 issues, and refers to supporting memoranda totaling 255 pages. Nonetheless, Celio did summarize his

claims using the standard habeas form as the magistrate judge had instructed. Once again, the magistrate judge found Celio's motion violated Rule 8 and ordered Celio to file an amended motion that followed the court's pleading rules. The magistrate judge concluded "Mr. Celio's second Motion suffers from all of the same defects pointed out by the court about his first Motion," but provided no additional guidance. *Id.* at 337. The order required Celio to file an amended motion "that complies with the requirements specified in this Order" and the magistrate judge's previous order, and the order warned "[f]ailure to file a second amended Motion within the time allowed may result in denial of the Motion . . . and dismissal of this civil action without further notice." *Id.* at 338.

Celio filed a third motion on April 20, 2009. The third motion presents numerous and inconsistently-numbered claims. Along with the third motion, Celio requested an extension of time to file a new motion and supporting memorandum. The magistrate judge granted Celio's request for an extension of time, and eight days later, Celio filed a fourth motion. The fourth motion, attachments, and a subsequent addendum, total 296 pages.

In response to Celio's fourth submission, the magistrate judge recommended dismissing Celio's motion with prejudice. The magistrate judge found Celio had repeatedly failed to comply with Rule 8 by not providing a short and plain statement of his claims. In addition, the magistrate judge found portions of Celio's motions rambling and incomprehensible. After weighing the

factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the district court adopted the magistrate judge's recommendation, and dismissed Celio's motion with prejudice.

## II. Discussion

The district court dismissed Celio's motion because it did not constitute "a short and plain statement" of his claims. *See* FED. R. CIV. P. 8(a). We review a dismissal based on a violation of the federal rules for an abuse of discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).[4] We have held a district court must consider five criteria before dismissing a case in this circumstance: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal citations omitted).

---

[4] Rule 41(b) of the Federal Rules of Civil Procedure provides: "a defendant may move to dismiss the action or any claim against it." "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). "And, to be sure, a failure to satisfy Rule 8 can supply a basis for dismissal: Rule 41(b) specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure." *Nasious*, 492 F.3d at 1161.

As to the first and second factors, "[t]his court has long recognized that defendants are prejudiced by having to respond to pleadings [that are] wordy and unwieldy," and "district judges . . . have their task made immeasurably more difficult by pleadings [that are] rambling . . . ." *Nasious*, 492 F.3d at 1162–63. We are confident Celio's final, 109-page motion and hundreds of pages of attachments weigh in favor of dismissal under the first two *Ehrenhaus* factors. *Cf. id.* at 1161 (stating a complaint "running some 63 pages" and described as "[n]o model of clarity" was appropriate to dismiss under the first two *Ehrenhaus* factors).

The third and fourth *Ehrenhaus* factors, however, weigh against dismissal with prejudice. "The [*Ehrenhaus*] notice and culpability tests are in some sense the opposite sides of the same coin . . . for the culpability of a *pro se* litigant for filing a still-prolix amended complaint depends in great measure on the usefulness of the notice he or she has received from the court . . . ." *Id.* at 1163.

Here, while the magistrate judge provided Celio some general notice of the motion's deficiency, *Nasious* suggests a broader approach. The magistrate judge simply recited Rule 8's language and admonished Celio to make the motion clearer. After the magistrate judge's first order, it appears Celio attempted to comply by using the standard habeas form's format, yet the usefulness of the form may have been eroded when Celio attached lengthy supporting memoranda and

documents. Celio's attempts to use the form suggest he was not belligerent to the magistrate judge's orders but genuinely did not understand Rule 8's requirements.

Courts have "obligations to *pro se* litigants" to provide "some modest additional explanation" regarding the format of filings because they "are not expected to understand what recitations are legally essential and which are superfluous." *Id.* We note the correct balance in an initial motion between making bare allegations and complying with the "short and plain statement" requirement may be difficult for pro se litigants to understand given the Supreme Court's recent tightening of pleading standards. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding a pleading may survive a motion to dismiss only if it contains "[f]actual allegations . . . enough to raise a right to relief above the speculative level"). The court's obligation to provide guidance to pro se litigants is especially important where the sanction is dismissal without the opportunity to resubmit.

Under *Nasious*, the court should "advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. In the circumstances here, we conclude the claimant should have been given advice of this sort before dismissal with prejudice.

In closing, we share the district court's frustration with lengthy submissions, and plaintiffs would be wise to acknowledge the wisdom of "mak[ing] your points and ask[ing] for your relief in a blunt, straightforward manner," always "valu[ing] clarity above all other elements of style." ANTONIN SCALIA & BRYAN A. GARNER, MAKING YOUR CASE: THE ART OF PERSUADING JUDGES 107 (2008).

### III.  Conclusion

For the foregoing reasons, we GRANT Celio a COA, REVERSE the dismissal of his motion, and REMAND the case to the district court for further proceedings.

ENTERED FOR THE COURT
PER CURIAM