FILED
United States Court of Appeals
Tenth Circuit

**May 4, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHICAGO INSURANCE COMPANY,
an Illinois corporation,

     Plaintiff-Appellee,

v.

JAN B. HAMILTON, Ph.D., d/b/a
Nutritional Biomedicine,

     Defendant-Appellant.

No. 10-1381
(D.C. No. 1:09-CV-01815-LTB-MJW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

     Chicago Insurance Co. ("CIC") filed this diversity case seeking a

declaratory judgment that Jan Hamilton wasn't covered for losses she incurred as

a result of disciplinary proceedings brought by the Colorado State Board of

Medical Examiners. When Ms. Hamilton failed to file a timely answer to CIC's

complaint and missed multiple discovery deadlines, a magistrate judge

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

recommended default judgment in favor of CIC. He advised Ms. Hamilton of her right to object to the recommendation, the deadline for doing so, and that failing to object would prejudice review in the district and appellate courts. Nonetheless, Ms. Hamilton did not file any objection. She now appeals the resulting default judgment.

Unless a party files a timely objection in the district court, she can't ordinarily challenge the magistrate's factual or legal conclusions on appeal. *See Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008). But we have recognized two exceptions: 1) when a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object; or 2) when the interests of justice require review. *Id.* Ms. Hamilton can't invoke the first exception: there's no dispute that the magistrate judge informed her both of the time period for objecting and the consequences of failing to do so. Neither can she prevail on the second. The "interest of justice" standard is, this court has held, akin to plain error review, and Ms. Hamilton simply doesn't explain how default judgment in this case — entered after she repeatedly failed to comply with the magistrate's orders — "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1122-23 (10th Cir. 2005).

The judgment of the district court is affirmed. Because Ms. Hamilton failed to present any nonfrivolous arguments in support of the issues on appeal,

her motion to proceed *in forma pauperis* is denied, as are all other motions pending in this case.

Entered for the Court


Neil M. Gorsuch
Circuit Judge