**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MOHAMMAD NOROUZIAN,

        Plaintiff-Appellant,

v.

UNIVERSITY OF KANSAS
HOSPITAL AUTHORITY; KU
MEDICAL CENTER,

        Defendants-Appellees.

No. 11-3094
(D.C. No. 2:09-CV-02391-KHV-JPO)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

---

Mohammad Norouzian appeals pro se the district court's dismissal of his

action against University of Kansas Hospital Authority (Hospital Authority) and

KU Medical Center (Medical Center). The court dismissed Mr. Norouzian's

action with prejudice as a sanction under Fed. R. Civ. P. 37(b)(2)(A)(v), based on

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his repeated violations of court orders requiring him to appear for his deposition. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## Background

Mr. Norouzian filed claims against the Hospital Authority and the Medical Center, seeking damages and other relief under Title VII, 42 U.S.C. § 2000e-2(a)(1). He alleged that defendants failed to hire him based upon his national origin, which he identified as Iranian/Middle Eastern.

On March 4, 2010, the Hospital Authority served Mr. Norouzian with a notice that his deposition was scheduled for March 25, 2010. He filed an objection to the deposition notice, complaining that the Hospital Authority had not signed his proposed protective order. The Hospital Authority responded that the court had entered a protective order binding on all parties in December 2009. The Hospital Authority also filed a motion to compel and for sanctions, asking the court to order Mr. Norouzian to appear for his deposition and to respond to other discovery requests. He did not appear for his deposition on March 25.

On May 14, 2010, the district court granted in part the Hospital Authority's motion to compel and ordered Mr. Norouzian to pay a portion of the Hospital Authority's attorney fees and expenses incurred in bringing its motion. Although the court indicated it would typically direct the Hospital Authority to proceed with Mr. Norouzian's deposition, it concluded the deposition should be postponed until the court had ruled on a pending motion to dismiss by the Medical Center.

After the district court denied the Medical Center's motion to dismiss on August 31, 2010, the Hospital Authority sent a notice to Mr. Norouzian scheduling his deposition for October 14, 2010. Late in the day on October 13, Mr. Norouzian filed an objection, arguing that his deposition should not go forward because the Hospital Authority had failed to provide its discovery disclosures under Fed. R. Civ. P. 26(a)(1). Mr. Norouzian did not appear for his deposition on October 14. The next day the Hospital Authority filed another motion to compel and for sanctions. Mr. Norouzian failed to appear for the hearing scheduled on the Hospital Authority's motion. The district court entered an order on November 2, 2010, finding that Mr. Norouzian's deposition had been properly noticed; his objection did not relieve him of his obligation to appear; and his failure to appear was a clear violation of the court's May 14, 2010 order granting the Hospital Authority's motion to compel.

The court also determined that Mr. Norouzian's violation of its order and his frivolous objection to the deposition notice entitled the Hospital Authority to sanctions pursuant to Rule 37(b)(2)(A) and 26(g)(3). It declined, however, to dismiss Mr. Norouzian's claims against the Hospital Authority. The court instead ordered him to appear for his deposition before the close of discovery on November 19, 2010. It cautioned him that it would not tolerate another failure to appear for his deposition and that his non-compliance with the applicable rules or the court's orders could result in sanctions, including the possibility of dismissal

of his action with prejudice. The district court also ordered Mr. Norouzian to pay the Hospital Authority's reasonable attorney fees and expenses incurred in bringing its latest motion to compel and for sanctions.

The Hospital Authority and the Medical Center filed and served a notice to take Mr. Norouzian's deposition on November 17, 2010. He filed an objection, which the court overrruled and ordered him to appear for his deposition as scheduled. But Mr. Norouzian did not appear for his deposition on November 17. That same day the Hospital Authority filed a third motion to compel and for sanctions. The Medical Center filed a motion seeking dismissal of Mr. Norouzian's claims based on his repeated refusals to appear for his deposition in violation of the court's orders.

The district court stayed all proceedings in the action and held a hearing on March 3, 2011, to consider all pending motions. Addressing the Medical Center's motion to dismiss, the court found that Mr. Norouzian violated the court's order to appear for his deposition on November 17. The court asked him, "Would you ever be willing to give a deposition in this case?" He responded, "Well, Your Honor, no, Your Honor." Suppl. R. at 68. Later in the hearing the court inquired again, stating, "So basically you're not willing to give a deposition orally anywhere." And Mr. Norouzian once again answered, "No." *Id.* at 70.

The district court then proceeded to consider the factors relevant to dismissal of a case as a sanction for failure to comply with a court order. *See*

-4-

Rule 37(b)(2)(A). It found that Mr. Norouzian's repeated refusals to appear for his deposition, in violation of the court's orders, prejudiced the defendants, who were forced to file numerous motions to compel and for sanctions, as well as respond to his motions raising unfounded objections. The court determined that his conduct also interfered with the judicial process by wasting the court's time. It further found that Mr. Norouzian was fully culpable for his conduct, noting that his violation of the court's orders was willful and repeated. The court concluded it had sufficiently warned him in its previous orders that dismissal was a likely sanction for his continued noncompliance. Finally, the court found that the lesser sanctions it had already imposed had not been successful in dissuading Mr. Norouzian from violating court orders.

The court therefore granted the Medical Center's motion, dismissing Mr. Norouzian's claims against the Medical Center with prejudice. It also dismissed with prejudice his claims against the Hospital Authority, on the same basis that it granted the Medical Center's motion. The court entered judgment dismissing the entire case with prejudice and awarding the Hospital Authority attorney fees totaling $9,442.00 as a sanction against Mr. Norouzian. He filed a timely appeal.

**Discussion**

"[W]e review a district court's decision to dismiss for discovery violations under an abuse of discretion standard." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Rule 37(b)(2)(A)(v) permits a court to dismiss a case in

whole or in part as a sanction for a party's failure to comply with a discovery order. In doing so, a district court should ordinarily consider the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (citations, quotation, and ellipsis omitted). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.*

Although we liberally construe Mr. Norouzian's pro se filings, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), we find no reference in his appellate brief to the district court's application of the factors relevant to dismissal as a sanction for violation of a court order. Instead, he argues that the district court judge was biased against him; the court erred by ordering him to appear for a deposition before defendants completed their disclosure under Fed. R. Civ. P. 26(a)(1); and the court failed to follow the applicable law and procedures in dismissing his case.

Mr. Norouzian does not develop his argument of bias. We "will not supply additional factual allegations or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997); *see also*

Fed. R. App. P. 28(a)(9)(A) (providing appellant's opening brief must identify "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (holding pro se litigants must follow same procedural rules as other parties).

We also reject his claim that the district court abused its discretion by ordering him to appear for his deposition before the defendants had completed their disclosures under Rule 26(a)(1). *See Trentadue v. FBI*, 572 F.3d 794, 806 (10th Cir. 2009) (reviewing discovery order for abuse of discretion). He argues that defendants failed to disclose medical test results pertaining to him, but he ignores the district court's finding, based on the defendants' representations to the court, that the test results he sought were not in their possession or control. Mr. Norouzian fails to show that finding was clearly erroneous. *See id.* ("A district court abuses its discretion where it commits a legal error or relies on clearly erroneous factual findings, or where there is no rational basis in the evidence for its ruling." (quotation omitted)).

Finally, there is no merit to Mr. Norouzian's claim that the district court erred in dismissing his case without following the procedures in 28 U.S.C. §§ 1915 and 1915A. The district court dismissed his action as a sanction for his violation of court orders, not because his claims were frivolous, malicious, failed

to state a claim, or sought monetary relief from an immune defendant. *See* §§ 1915(e)(2)(B) & 1915A(b).

Having reviewed the record on appeal, we conclude that the district court did not abuse its discretion in dismissing Mr. Norouzian's case. The court thoroughly considered all of the *Ehrenhaus* factors, and although dismissal with prejudice is an extreme sanction, it was not inappropriate based on the facts presented here. *See Ehrenhaus*, 965 F.2d at 920 (recognizing dismissal is extreme sanction applicable in cases of willful misconduct). Nor do we believe that the district court abused its discretion in awarding the Hospital Authority its attorney fees incurred in bringing its motions to compel or for sanctions against Mr. Norouzian.[1] We are not persuaded that, in dismissing the case and awarding monetary sanctions against Mr. Norouzian, the district court "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quotation omitted).

Mr. Norouzian devotes the majority of his appellate brief to arguments challenging various interlocutory orders entered by the district court before it dismissed his entire case as a sanction for his violation of court orders. He appears to contend that the court erred in failing to vacate its referral to the

---

[1] Mr. Norouzian fails to mention this aspect of the district court's judgment in his brief. "[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

magistrate judge and in refusing to compel the defendants to produce his medical test results.  He also appears to argue that the district court judge and magistrate judges should have recused themselves from the case.

We decline to review the interlocutory orders preceding the district court's dismissal order in this case.  Ordinarily, an interlocutory order merges into the final judgment and becomes appealable along with the final judgment.  *See Montgomery v. City of Ardmore*, 365 F.3d 926, 934 (10th Cir. 2004).  But where a final judgment is a dismissal for failure to prosecute, we have adopted a "prudential rule" by which this court will review a preceding, interlocutory order only in rare cases.  *AdvantEdge Bus. Group, L.L.C. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1237 (10th Cir. 2009).  Applying that rule in *AdvantEdge Business Group*, we found no good reason to review.  *See id.* at 1238. In the factual context of that case—a dismissal for failure to prosecute—we focused on the litigant's underlying conduct that led to the dismissal, reasoning that a litigant should not be permitted to manipulate "district court processes to effect the premature review of an otherwise unappealable interlocutory order." *Id.* at 1237-38.

Here the district court likewise found that Mr. Norouzian's willful refusal to obey court orders interfered with the judicial process.  Thus, the concerns raised by Mr. Norouzian's attempt to appeal the district court's interlocutory

orders in this case are similar to those at issue in *AdvantEdge Business Group*, and we conclude that the prudential rule applies.

The application of the prudential rule requires that the party seeking review of an interlocutory order must demonstrate good reasons why this court should allow appellate review. Mr. Norouzian advances no such reasons here. As in *AdvantEdge Business Group*, this is an "unremarkable case" and Mr. Norouzian is an "unexceptional plaintiff." 552 F.3d at 1238. *Cf. Sere v. Bd. of Trustees of Univ. of Ill.*, 852 F.2d 285, 287-88 (7th Cir. 1988) (declining to review interlocutory order preceding dismissal under Rule 37(b) based in part on plaintiff's violation of two orders to complete his deposition); *John's Insulation, Inc. v. L. Addison & Assocs., Inc.*, 156 F.3d 101, 107-08 (1st Cir. 1998) (declining to review interlocutory orders preceding dismissal and default judgment imposed as sanction for plaintiff's delay and failure to follow court orders).[2]

---

[2] We note an alternative basis for declining to review some of Mr. Norouzian's claims regarding the district court's interlocutory orders: his failure to develop his arguments as required by Fed. R. App. P. 28(a)(9)(A).

The judgment of the district court is AFFIRMED.  Mr. Norouzian's motion opposing the filing of separate briefs by the defendants is DENIED.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge