**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 6, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LISA PATRICE GROSS,

       Plaintiff-Appellant,

v.

GENERAL MOTORS LLC,[*]

       Defendant-Appellee.

No. 08-3236
(D.C. No. 2:06-CV-02452-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[**]

---

Before **MURPHY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**HARTZ**, Circuit Judge.

---

[*]     General Motors Corporation was the original appellee in this appeal, which was effectively abated as of June 8, 2009, pursuant to the automatic stay in the General Motors Corporation bankruptcy. In July 2011, the bankruptcy court granted limited relief from the stay to allow the appellant to substitute the real party in interest, General Motors LLC, as the appellee in this case. On August 19, 2011, this court entered an order substituting General Motors LLC as the appellee, thereby permitting the court to proceed with disposition of the appeal.

[**]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Lisa Patrice Gross, appearing pro se, appeals the district court's dismissal of her action as a sanction for her failure to comply with a discovery order. Ms. Gross also seeks review of the district court's interlocutory order granting summary judgment in favor of General Motors Corporation (GM) on three of her four claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## Background

Ms. Gross was employed by GM from February 2004 until January 13, 2006. During her employment with GM, she took three medical leaves due to stress, depression, and anxiety. She was diagnosed with bipolar disorder in November 2005, and she began her third medical leave from GM on November 13 or 14. Plaintiff did not thereafter return to work at GM. A doctor who examined her in December 2005 recommended that she return to work on January 9, 2006. GM deemed her employment terminated when she failed to return to work within three days after that date.

Ms. Gross filed a complaint against GM in October 2006, alleging violations of Title VII and the Americans with Disabilities Act (ADA). She claimed that certain conduct by her co-workers and one supervisor, which she considered to be sexual harassment, created a hostile work environment. She also alleged that GM failed to reasonably accommodate her disability, and that GM retaliated against her for attempting to report an incident of sexual harassment and for seeking accommodations for her disability. The district court granted

summary judgment in favor of GM on all but one of plaintiff's claims, preserving for trial only her claim that GM retaliated against her for seeking accommodations for her disability. *See Gross v. Gen. Motors Corp.*, 533 F. Supp. 2d 1128 (D. Kan. 2008). Trial on the one remaining claim was scheduled to begin on July 22, 2008. But on that date the district court granted GM's motion for sanctions under Fed. R. Civ. P. 37(b) and 41(b), and dismissed Ms. Gross's action with prejudice based upon her failure to comply with a discovery order. *See Gross v. General Motors Corp.*, 252 F.R.D. 693 (D. Kan. 2008). She filed a timely appeal.

### *Discussion*

### *Dismissal As Sanction for Discovery Violation*

"[W]e review a district court's decision to dismiss for discovery violations under an abuse of discretion standard." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *see also Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (reviewing for abuse of discretion "decision to impose the sanction of dismissal for failure to follow court orders and rules" under Rule 41(b)); *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003) (reviewing for abuse of discretion district court's imposition of sanctions under its inherent powers).

We conclude that the district court did not abuse its discretion in dismissing Ms. Gross's case. In its motion GM presented the following chronology of events

related to its attempts to obtain discovery of certain medical records pertaining to Ms. Gross: GM first requested production of plaintiff's medical records in March 2007. In response, plaintiff identified Barbara Mason-Palmer as one of her doctors and provided a medical records authorization form permitting Dr. Mason-Palmer to disclose medical records to GM. But in response to its request for records from Dr. Mason-Palmer, GM received only a summary memo. That memo indicated that Ms. Gross had discussed with Dr. Mason-Palmer her alleged emotional distress, her bipolar condition, and her employment with GM. Dr. Mason-Palmer advised GM that plaintiff had directed her not to produce any underlying treatment notes.

Plaintiff's counsel[1] subsequently agreed with GM's counsel that the records were relevant and should be produced, and the district court advised GM to serve Dr. Mason-Palmer with a subpoena. But Ms. Gross once again directed her doctor not to produce the records. The parties then agreed to defer further consideration of this issue pending a ruling on GM's summary judgment motion.

After the district court partially denied GM's summary judgment motion, GM filed a motion to compel plaintiff to execute another medical records authorization for Dr. Mason-Palmer. During a hearing on June 12, 2008, the district court found that the records were relevant and discoverable and granted

---

[1]     Ms. Gross was represented by appointed counsel for a majority of the time that this case was pending in the district court.

-4-

GM's motion to compel. The court then ordered plaintiff to provide the records authorization by the following day. During the same hearing the court set this case for trial on July 22, 2008.

Ms. Gross represented to GM's counsel on June 13 that she had provided Dr. Mason-Palmer with an authorization for the release of her records. But on July 1, 2008—only three weeks before trial was scheduled to begin—the doctor's assistant informed GM's counsel that plaintiff never provided the authorization as ordered by the district court. GM immediately filed a motion for sanctions, seeking dismissal of Ms. Gross's case. In response to GM's motion, plaintiff claimed that GM was lying in its presentation of the facts and contended that the records GM sought were irrelevant. She concluded by asking the court to order GM to settle the case for $25 million. The district court granted GM's motion and dismissed Ms. Gross's action with prejudice.

Both Rule 37(b)(2)(A)(v) and Rule 41(b) permit a court to dismiss a case in whole or in part as a sanction for a party's failure to comply with a discovery order. In doing so, a district court should ordinarily consider the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (quotation, ellipsis, and citations

omitted). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.*

Here the district court evaluated each of the *Ehrenhaus* factors. Regarding the prejudice suffered by GM, it addressed the relevance of the records to GM's defense, as acknowledged by plaintiff's former counsel, and GM's repeated attempts to obtain the records from Dr. Mason-Palmer, which were met by plaintiff's persistent refusals to permit production, even on the eve of trial. The court also noted that, while plaintiff continued to refuse to produce her medical records, GM had to contend with mounting attorney fees in responding to her numerous motions seeking reconsideration of the court's summary judgment ruling and to restate her claims. With respect to interference with the judicial process and plaintiff's culpability, the district court concluded that Ms. Gross had willfully disobeyed the court's order and that she was fully responsible for doing so. The district court also observed that it had warned plaintiff, before she responded to GM's motion for sanctions, that GM was justified in asking for dismissal. It found that this admonition constituted constructive notice sufficient to satisfy the notice element of the *Ehrenhaus* factors. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1150 (10th Cir. 2007) (highlighting possibility of dismissal sufficient to provide constructive notice).

-6-

Finally, the district court concluded that no sanction less than dismissal would be effective based upon plaintiff's history of repeatedly ignoring the court's orders.

Ms. Gross does not contest in her appellate brief any of the district court's reasons for dismissing her case. Although she acknowledges that her case was dismissed as a sanction, we can discern only two references to this issue in the argument section of her brief, consisting of unsupported statements that GM lied to the district court about her failure to obey the court's order. An appellant's opening brief must identify "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(a). "[T]he omission of an issue in an opening brief generally forfeits appellate consideration of that issue." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007). Although we liberally construe a pro se party's appellate brief, *see Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), pro se litigants nonetheless must follow the same procedural rules as other parties, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We will not "construct a legal theory on a [pro se] plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1174 (10th Cir. 1997).

We conclude that the district court did not abuse its discretion in dismissing Ms. Gross's case. The court thoroughly considered all of the *Ehrenhaus* factors. We have reviewed the record on appeal, and we are not persuaded that the court

"made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quotation omitted). Moreover, Ms. Gross's waiver of this issue by failing to raise it in her appellate brief serves as an additional basis for our affirmance of the district court's order granting dismissal of her case as a sanction for her discovery violation.

### *Interlocutory Order Granting Summary Judgment*

Ms. Gross also seeks review of the district court's interlocutory summary-judgment order in favor of GM on three of her four claims. *See Gross v. Gen. Motors Corp.*, 533 F. Supp. 2d 1128 (D. Kan. 2008). We decline to review that order.

Ordinarily, an interlocutory order merges into the final judgment and becomes appealable along with the final judgment. *See Montgomery v. City of Ardmore*, 365 F.3d 926, 934 (10th Cir. 2004). But where a final judgment is a dismissal for failure to prosecute, we have adopted a "prudential rule" by which this court will review a preceding, interlocutory order only in rare cases. *AdvantEdge Business Group, L.L.C. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1237 (10th Cir. 2009). Applying that rule in *AdvantEdge Business Group*, we found no good reason to review. *See id.* at 1238. In the factual context of that case—a dismissal for failure to prosecute—we focused on the litigant's underlying conduct that led to the dismissal, reasoning that a litigant

should not be permitted to manipulate "district court processes to effect the premature review of an otherwise unappealable interlocutory order." *Id.* at 1237-38.

Here the district court likewise found that Ms. Gross's willful failure to comply with its discovery order interfered with the judicial process. Thus, the concerns raised by Ms. Gross's attempt to appeal the district court's interlocutory order in this case are similar to those at issue in *AdvantEdge Business Group*, and we conclude that the prudential rule applies.

The application of the prudential rule requires that the party seeking review of an interlocutory order must demonstrate good reasons why this court should allow appellate review. Ms. Gross advances no such reasons here. As in *AdvantEdge Business Group*, this is an "unremarkable case" and Ms. Gross is an "unexceptional plaintiff." 552 F.3d at 1238. *Cf. Sere v. Bd. of Trustees of Univ. of Ill.*, 852 F.2d 285, 288 (7th Cir. 1988) (declining to review interlocutory dismissal order under Fed. R. Civ. P. 12(b) which preceded dismissal of remaining claim as sanction for discovery violation); *John's Insulation, Inc. v. L. Addison & Assocs., Inc.*, 156 F.3d 101, 107-08 (1st Cir. 1998) (declining to review interlocutory orders preceding dismissal and default judgment imposed as sanction for plaintiff's delay and failure to follow court orders).

As a further basis for our decision not to review, we note that Ms. Gross's refusal to allow production of her medical records to GM infected not only her

surviving retaliation claim, but also the three other claims that the district court had previously dismissed.[2] Although the exact content of the records is unknown due to plaintiff's refusal to allow production,[3] the summary document produced by Dr. Mason-Palmer indicated that Ms. Gross discussed with the doctor her alleged emotional distress, her bipolar condition, and her employment with GM. Thus, the records were equally relevant to her claims of a sexual-harassment hostile work environment, retaliation for reporting sexual harassment, and failure to accommodate her disability. *See* 42 U.S.C. §§ 1981a(a)(1), (a)(2) & (b)(3) (providing for recovery of compensatory damages, including damages for emotional distress, for unlawful intentional discrimination under Title VII and the ADA).

### *Reconsideration of Denial of Motion for Appointment of Counsel*

Ms. Gross filed her original complaint pro se, but shortly thereafter the district court granted her motion to appoint counsel, finding that one or more of

---

[2] We reach this conclusion in support of our decision under the prudential rule not to review the district court's summary judgment order. *Cf. Sere*, 852 F.2d at 288. We are not, as urged by General Motors LLC in its appellate brief, applying an alternative ground to affirm the district court's order. *See Conkle v. Potter*, 352 F.3d 1333, 1337 (10th Cir. 2003) (remanding to district court to perform sanction analysis in the first instance, rather than affirming dismissal on that alternative rationale).

[3] Ms. Gross argued in response to GM's motion for sanctions that Dr. Mason-Palmer's treatment records were not relevant to her claims, but there is no indication in the record that plaintiff sought to present the records to the district court for in camera examination.

her claims had sufficient merit to warrant such an appointment. In early 2008 the district court granted her counsel's motion to withdraw. Ms. Gross filed a second motion to appoint counsel, which the district court again granted. Less than one month later, plaintiff sought to have her second appointed attorney withdraw. After admonishing her that the court would not appoint a third lawyer to represent her, the district court granted Ms. Gross's motion and allowed her second appointed attorney to withdraw. She has proceeded in this case pro se as of June 12, 2008.

This court denied Ms. Gross's motion for appointment of counsel in this appeal. We also deny her request for reconsideration of that order, which was referred to this panel for decision. As a civil litigant, plaintiff has no Sixth Amendment right to counsel. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). Pursuant to 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." But appointment of counsel is left to the discretion of the court. *Johnson*, 466 F.3d at 1217. "In determining whether to appoint counsel, the . . . court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). None of these factors weighs in favor of appointing counsel to represent Ms. Gross in this appeal, which would amount to her third

appointed lawyer in this case. Counsel is rarely appointed in civil cases, and particularly not in a serial fashion as urged here by plaintiff.

*Motion to Supplement Record on Appeal*

Ms. Gross filed a motion asking this court to supplement the record on appeal with additional documents from the district court. All of the documents she references relate to her contention that the district court erred in granting summary judgment on three of her claims. In light of our decision not to review that order, we deny Ms. Gross's motion as moot.

*Conclusion*

The judgment of the district court is affirmed. Ms. Gross's motion to reconsider the court's denial of appointment of counsel is DENIED. Her motion to supplement the record on appeal is DENIED as moot. Ms. Gross's Motion for Order of Release of Records is also DENIED. General Motors LLC's motion to strike Ms. Gross's supplemental brief is DENIED as moot.

Entered for the Court


Michael R. Murphy
Circuit Judge