**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 13, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STICHTING MAYFLOWER MOUNTAIN
FONDS; STICHTING MAYFLOWER
RECREATIONAL FONDS,

      Plaintiffs-Appellants,

v.

CITY OF PARK CITY, UTAH,

      Defendant-Appellee,

UNITED PARK MINES, CO.,

      Defendant-Counter-Claimant-Appellee,

v.

ARIE CORNELIS BOGERD, an individual
and citizen of Hei-en Boeicop, Netherlands;
MAYFINANCE CV, a Netherlands
commanditaire vennotschap; STICHTING
BEHEER MAYFLOWER PROJECT, a
Netherlands Foundation,

      Counterclaim-Defendants-Appellants.

No. 11-4017
(D.C. No. 2:04-CV-00925-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Before **TYMKOVICH**, **SEYMOUR**, and **GORSUCH**, Circuit Judges.

This action was filed by Stichting Mayflower Mountain Fonds and Stichting Mayflower Recreational Fonds ("Plaintiffs") against the City of Park City, Utah ("Park City") and United Park City Mines, Co. ("United Park") for claims arising out of the annexation by Park City of certain property owned by Stichting Mayflower and United Park, among others. United Park filed a counterclaim against Plaintiffs for intentional interference with prospective economic relations, malicious interference with business, et al.[1] The district court dismissed Plaintiffs' complaint on a variety of grounds, and declined to grant summary judgment to Plaintiffs on United Park's counterclaim against them. The district court ultimately granted default judgment to United Park on its counterclaim, pursuant to Fed. R. Civ. P. 37(b)(2), as a sanction against Plaintiffs and third party defendants (collectively "Stichting") for repetitive discovery violations. Stichting appeals and we affirm.

The parties are well aware of the facts and we will not repeat them here. Stichting raises a number of issues that they contend require reversal of (1) the district court's dismissal of their complaint, (2) the district court's refusal to grant

---

[1] United Park added Arie Cornelis Bogerd and Stichting Beheer Mayflower Project as third party defendants to the counterclaim.

-2-

summary judgment against United Park on its counterclaim, and (3) the grant of

of default judgment against them on United Park's counterclaim as a sanction for

Stichting's repeated failure to comply with discovery orders. We have thoroughly

reviewed the briefs and relevant portions of the record, and we are not persuaded

by any of Stichting's arguments. We affirm on all grounds, primarily for the

reasons stated by the district court in its various orders.

We take particular note that Stichting filed four frivolous interlocutory

appeals and a petition for mandamus to this court in the course of this lawsuit, in

addition to egregiously ignoring numerous orders of the district court to respond

properly to discovery requests. At various times over the course of several years,

the district court described the conduct of Stichting or their counsel as follows:

> [T]here was no reason for counsel's submission of his February 9,
> 2006 letter to the Tenth Circuit's Clerk of Court. The letter blatantly
> mischaracterizes this court's February 6, 2006 Order, and crosses the
> line of professional advocacy. No amount or pressure by a client can
> excuse such conduct.

D.Ct. Oct. 15, 2007 Order at 10.

> Stichting's culpability is demonstrated by its wilful and intentional
> refusal to comply with court orders regarding immunity issues, the
> sufficiency of UPCM's pleading, and discovery matters. Stichting
> mischaracterizes the rulings of the court as a means to ignore court
> orders and repeatedly files motions for reconsideration to delay the
> imposition of the court's rulings. The delay resulting from
> Stichting's intentional behavior has been substantial. . . . Stichting
> has been threatened with sanctions for years and it has had no effect
> on its willingness to comply. The court concludes that the efficacy
> of a lesser sanction is questionable given Stichting's blatant refusals
> to participate in discovery and its propensity to obfuscate and

> mischaracterize the requirements imposed upon it by UPCM's discovery requests and the court's orders.

D.Ct. Nov. 3, 2009 Amended Order at 4-5.

> Stichting's continued and repetitive challenges to every adverse decision entered by the court has crossed the line of professional advocacy in this matter. The tone of Stichting's attacks is also unprofessional and inappropriate.

D.Ct. March 30, 2010 Order at 3.

We agree with the district court's characterization of Stichting's and counsel's conduct in this case. Such conduct constitutes an indefensible abuse of the judicial process.

This case represents at least the sixth time this year this court has had to affirm dismissals or default judgments resulting from intentional and repetitive abuses of the discovery process. *See Lee v. Max Int'l*, 638 F.3d 1318 (10th Cir. 2011); *Freddie v. Marten Transp., Ltd.*, 428 F. App'x 801 (10th Cir. 2011); *Gross v. Gen. Motors LLC*, 08-3236, 2011 WL 4599683 (10th Cir. Oct. 6, 2011); *Norouzian v. Univ. of Kan. Hosp. Auth.*, 11-3094, 2011 WL 3856984 (10th Cir. Aug. 31, 2011); *Chi. Ins. Co. v. Hamilton*, 422 F. App'x 740 (10th Cir. 2011). It is a sad record. These cases do not involve mere negligence or mistakes, confusion over retention obligations or the minutiae of metadata, but intentional misconduct extending over months and even years. In this case, Stichting violated at least five discovery orders over the course of four years before the district court granted default judgment against it.

Everyone wants to see cases resolved on their merits rather than in this fashion, and everyone can hope these cases represent no more than a statistical aberration, a bad streak, an anomaly. But they do give cause for concern. Concern that the ideals the discovery system seeks to serve — to enlighten and ensure a just resolution based on the facts — are too often being undone by those who would misuse discovery instead to inflict costs on opponents in order to extract settlements for frivolous claims, to achieve some objective altogether outside the litigation, or to deter those with good claims from pursuing their claims to a fair and just resolution on the merits before a jury.

The Supreme Court has made clear that "the most severe in the spectrum of sanctions . . . must be available to the district court" to address such abuses when they arise. *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). We have recently underscored this message, making clear that no litigant can count on more than three chances from a district court to make good on a lawful discovery obligation. *Lee*, 638 F.3d at 1321. And this case forces us to repeat the unpleasant message one more time today: it is a serious and sanctionable wrong to employ a system designed to promote justice to inflict an intentional injustice instead. We can all hope there won't be need to reiterate the

point yet again anytime soon.

**AFFIRMED.**

ENTERED FOR THE COURT

PER CURIAM