FILED
United States Court of Appeals
Tenth Circuit

April 8, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ESMERALDO VILLANUEVA ECHON,
JR.; MARIBEL ECHON; JUSTIN
ECHON,

      Plaintiffs - Appellees,

v.

WILLIAM SACKETT; LEONIDA
SACKETT,

      Defendants - Appellants.

No. 19-1099
(D.C. No. 1:14-CV-03420-PAB-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

The Echons (Plaintiffs) sued the Sacketts (Defendants) amid a bitter dispute

between families.  Defendants, appearing pro se in district court, failed to comply

with several of the court's discovery orders.  Consequently, the district court imposed

sanctions on Defendants by deeming certain facts established at summary judgment.

At trial, the district court also allowed Plaintiffs to question Defendants about their

wealth over Defendants' relevance objections.  Plaintiffs obtained a significant jury

verdict.  Defendants now appeal the district court's imposition of sanctions and

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

evidentiary rulings.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

Plaintiffs sued Defendants in federal court for violations of Colorado and federal law, including the federal Trafficking Victims Protection Reauthorization Act (TVPRA).  Specifically, Plaintiffs alleged that Defendants forced them to perform unpaid labor on Defendants' farm and rental properties after they immigrated to the United States from the Philippines.  Defendants, who claim to be functionally illiterate, are a seventy-nine-year-old farmer with a third-grade education (Mr. Sackett), and his wife (Mrs. Sackett), a non-native English speaker.  Although Defendants had the means to retain counsel, they decided counsel was not "necessary" and chose to proceed pro se.[1]  The magistrate judge managing discovery in this case repeatedly warned Defendants that they would be held to same rules as any represented party.  Importantly, she told Defendants that they must adhere to all of the Federal Rules of Civil Procedure (Rules) and that their pro se status did not excuse them from responding to Plaintiffs' interrogatories.  But Defendants did not heed the magistrate judge's warnings.

After Defendants repeatedly failed to respond to Plaintiffs' interrogatories, Plaintiffs filed three motions to compel discovery. As a sanction, the magistrate judge recommended deeming factual allegations established as true if Defendants failed to

---

[1] Plaintiffs, on the other hand, had a team of lawyers propounding discovery requests on Defendants.

provide related evidence in response to properly propounded discovery requests. The magistrate judge, however, recommended denial of Plaintiffs' request for dispositive sanctions under Rule 37(b)(2)(A). Defendants did not object to the magistrate judge's report and recommendation (R&R), which the district court adopted after finding no clear error.

The district court implemented this sanction through the magistrate judge's summary judgment R&R, which identified five specific facts that the court deemed established after examining the record.[2] Defendants did not object to this R&R either, which the district court adopted after finding no clear error. The final pretrial order further identified the facts that the court would treat "as established for the case pursuant to [Rule] 56(g)." The magistrate judge explained this to Defendants during the final pretrial conference and, again, the Defendants did not object.[3]

During a three-day jury trial, Plaintiffs solicited testimony from Mrs. Sackett about Defendants' real estate holdings and alleged wealth. Defendants argued that their wealth was not relevant to allegations regarding uncompensated, forced labor.

---

[2] Namely, the district court deemed the following five facts established:
(1) Defendants paid no more than $300 per month for Plaintiffs' utilities;
(2) Defendants did not pay Plaintiffs Esmeraldo or Maribel Echon for their work and only gave them money a few times after Plaintiffs begged;
(3) Defendants occasionally paid Plaintiff Justin Echon a small amount;
(4) Plaintiffs depended on Defendants for food and lodging; and
(5) Mr. Sackett knew that his wife did not pay Plaintiffs for their work.

[3] Defendants only expressed opposition on this issue when Plaintiffs sought an *in limine* ruling to preclude Defendants from introducing evidence that contradicted the established facts.

3

The district court allowed this testimony over Defendants' relevance objections. The jury found Defendants liable to Plaintiffs on several claims and awarded damages to Plaintiffs in excess of $350,000.

After the trial, Defendants retained counsel and filed a motion for a new trial under Rule 59(a). Therein, Defendants argued that the district court erred when it deemed certain facts established, but did not challenge the district court's evidentiary rulings. The district court denied the motion. Defendants now appeal.

## II.

We review the district court's imposition of sanctions pursuant to Rule 37(b)(2) for an abuse of discretion. Olcott v. Delaware Flood Co., 76 F.3d 1538, 1557 (10th Cir. 1996). We likewise review the district court's evidentiary rulings for an abuse of discretion. United States v. Blechman, 657 F.3d 1052, 1063 (10th Cir. 2011).

## III.

## A.

We first consider whether the district court abused its discretion by deeming certain facts established as a sanction under Rule 37(b)(2)(A) for Defendants' failure to respond to Plaintiffs' interrogatories. As excuses for their actions, Defendants cite their literacy limitations, responses provided through other methods of discovery, and lack of bad faith. Plaintiffs, on the other hand, contend that Defendants waived their right to appeal the district court's imposition of sanctions and the district court nonetheless acted within its discretion. We agree with Plaintiffs that the district court

4

did not abuse its discretion in this case. We examine whether Defendants waived their argument, the interests of justice exception to the firm waiver rule, and additional considerations pursuant to a district court's power to impose sanctions in our analysis.

As a threshold matter, we observe that Defendants failed to object to the magistrate judge's R&Rs imposing and implementing sanctions.[4] We have "a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." Morales-Fernandez v. I.N.S., 418 F.3d 1116, 1119 (10th Cir. 2005). "This rule does not apply, however, when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." Id.; see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (explaining that "because the rule is a nonjurisdictional waiver provision, the Court of Appeals may excuse the default in the interests of justice").

The first exception to the firm waiver rule does not apply in this case. Both of the relevant R&Rs stated plainly that Defendants had fourteen days to file written objections and that a failure to make timely objections "will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings

_____

[4] Defendants' argument relies heavily on their ignorance of the judicial process, but Defendants demonstrated that they understood how to object to an R&R because they did so earlier in the case.

5

and recommendations of the magistrate judge."  Thus, the magistrate judge

"attempted to apprise [Defendants] of the consequences of a failure to

object."  Morales-Fernandez, 418 F.3d at 1119.

Next, we consider whether "to exercise our discretion under the interests of

justice exception to overlook the waiver rule in the instant matter."  Id.  The

"interests of justice" exception to the firm waiver rule "is a rather elusive concept."

Id. at 1119–20.  But we have recognized that the interests of justice analysis, "which

expressly includes review of a litigant's unobjected-to substantive claims on the

merits, is similar to reviewing for plain error."[5]  Id. at 1120 (recognizing that both

Supreme Court and Tenth Circuit precedent support the "notion that the plain error

and interests of justices analyses are similar" (citing United States v. Olano, 507 U.S.

725, 736 (1993)).  We have also enumerated several factors to determine whether to

invoke the exception.  Id. at 1120.  "For instance, a pro se litigant's effort to comply,

the force and plausibility of the explanation for his failure to comply, and the

importance of the issues raised are all relevant considerations in this regard."  Id.

Regardless of the specifics of the standard, we determine that the interests of justice

exception does not preclude the imposition of sanctions in this case.

The interests of justice generally afford district courts "very broad discretion

to use sanctions where necessary" to ensure "the expeditious and sound management

---

[5] "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Morales-Fernandez, 418 F.3d at 1122–23.

of the preparation of cases for trial." Lee v. Max Int'l, LLC, 638 F.3d 1318, 1320 (10th Cir. 2011). Of course, the determination "of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992). And even pro se litigants are not immune from sanctions for failing to obey a discovery order. See Klein-Becker USA, LLC v. Englert, 711 F.3d 1153, 1159 (10th Cir. 2013) (affirming a district's court imposition of a "default judgment against the disobedient party" as a Rule 37 sanction even though the offending party appeared pro se (quoting Fed. R. Civ. P. 37(b)(2)(A)(vi))). Specifically, Rule 37(b)(2)(A)(i) gives courts the authority to decide "that the matters embraced in the order or other designated facts be taken as established for purposes of the action" as a sanction for a party's failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(i). And under Rule 56(g), a district court may "enter an order stating any material fact . . . is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g); see also Chambers v. NASCO, Inc., 501 U.S. 32, 42 n.8 (1991) (explaining that courts may act *sua sponte* to impose sanctions under Rule 56(g)).

In this case, Defendants offer many excuses, but lack authority to justify their failure to comply with the district court's discovery orders. Defendants contend that the magistrate judge should have recognized their "inability to provide written narrative responses to the overbroad" interrogatories. But the district court *sua sponte* narrowed the scope of several interrogatories after a hearing on one of Plaintiffs' motions to compel and reiterated that the Rules required Defendants to

respond to the interrogatories.  Indeed, the magistrate judge advised Defendants *four times* that the law required them to adhere to the same rules as represented parties, and ordered Defendants to respond to Plaintiffs' discovery requests *three times*.

A district court's gatekeeping function in discovery does not equate "to that of a micro-manager."  Gardner By & Through Gardner v. Chrysler Corp., 89 F.3d 729, 739 (10th Cir. 1996) ("If a party is disadvantaged or dissatisfied with discovery [requests], it is the party's responsibility to particularize the basis of the [objection] so that the court can properly evaluate the arguments and exercise its discretion."). And despite the magistrate judge's numerous warnings that Defendants must adhere to the same rules as represented parties, Defendants chose not to object or respond to Plaintiffs' interrogatories during the discovery process.[6]  Thus, we conclude that Defendants did not put forth the requisite effort to comply with the district court's discovery orders, nor did they offer a plausible explanation to excuse their failure to heed the magistrate judge's repeated warnings of sanctions.  See Morales-Fernandez, 418 F.3d at 1119.  Such conduct weighs against the application of the interests of justice exception.

Additionally, Defendants argue on appeal that the interests of justice exception should excuse their waiver due to the severity of the sanctions imposed by the district court.  The district court here, like many other district courts within the Tenth

---

[6] Mr. Sackett's remarks at the final pretrial conference provide a glimpse into Defendants' attitude towards the discovery process: "I thought if I give them any information at all, it would be detrimental to my case, . . . so I didn't give them anything."

8

Circuit, applied the Ehrenhaus factors to assess the appropriateness of its sanctions. See, e.g., Gates Rubber Co. v. Bando Chem. Indus., Ltd., 167 F.R.D. 90, 102 (D. Colo. 1996) (observing that while Ehrenhaus lists five factors that a court should consider before imposing *dispositive* sanctions, we did not "restrict trial courts to a consideration of these factors in only those cases which involve dispositive sanctions"). The Ehrenhaus factors are: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Ehrenhaus, 965 F.2d at 921. Even assuming the Ehrenhaus factors influence our analysis, we conclude that those factors support the district court's imposition of sanctions.

Indeed, all five Ehrenhaus factors support the imposition of sanctions in this case. As to the first factor, Defendants argue that Plaintiffs did not suffer prejudice by way of Defendants' failure to respond to interrogatories because Plaintiffs got access to similar information through document production and depositions. But, as the magistrate judge warned, the law is "well-settled that methods of discovery are complementary, rather than alternative or exclusive." In re Dana Corp., 574 F.3d 129, 150 (2d Cir. 2009) (opining that "the various discovery methods are more complementary than fungible" and "[n]o one type of discovery is necessarily an adequate substitute for another"). As to the second factor, Defendants unreasonably multiplied proceedings by imposing a burden on Plaintiffs and the court to

9

respectively file and consider several motions to compel discovery. See Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C., 430 F.3d 1269, 1279 n.6 (10th Cir. 2005) (concluding that a district court does not abuse its discretion by imposing sanctions for unreasonably multiplying proceedings without a finding of bad faith). Defendants' noncompliance restricted Plaintiffs' access to discovery and unnecessarily occupied Plaintiffs' and the district court's time with motions to compel discovery, which interfered with the judicial process. See Ehrenhaus, 965 F.2d at 921.

As to the third and fourth Ehrenhaus factors, Defendants refused to answer Plaintiffs' interrogatories in spite of the magistrate judge's repeated warnings. Thus, Defendants had actual knowledge of their culpability and the possible consequences of their noncompliance. See id. Finally, Defendants contend that attorney's fees alone provided a sufficient sanction, but the district court gave Defendants "no fewer than three chances to make good their discovery obligation." Lee, 638 F.3d at 1321. "And three strikes are more than enough to allow the district court to call a litigant out," rather than first impose lesser sanctions. Id. (opining that a district court does not abuse its discretion by "dismissing the case or entering default as [a] sanction" after giving a litigant three chances to comply with its discovery obligations (id. at 1324)). Thus, the district court did not abuse its discretion by imposing stringent but non-dispositive sanctions in light of the Ehrenhaus factors. See Ehrenhaus, 965 F.2d at 921.

10

Accordingly, the interests of justice exception to the firm waiver rule does not preclude the imposition of sanctions in this case. Morales-Fernandez, 418 F.3d at 1119. The firm waiver rule therefore bars the relief Defendants seek. And, in any event, we observe that the district court acted well within its discretion to impose the sanctions at issue under Rule 37(b)(2)(A).

B.

We also consider whether the district court abused its discretion by allowing testimony about Defendants' real estate holdings over Defendants' relevance objections. Defendants contend that Plaintiffs elicited irrelevant information about their wealth at trial, contrary to Federal Rule of Evidence 401. Fed. R. Evid. 401 ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence."). Plaintiffs, on the other hand, contend that the district court correctly overruled Defendants' relevance objections because testimony about Defendants' wealth was relevant for the consideration of punitive damages on Plaintiffs' federal TVPRA claim. And the jury in fact awarded Plaintiffs punitive damages under the TVPRA.

On appeal, Defendants argue that Colorado state law excludes evidence of wealth for the purpose of assessing punitive damages. But this case involved a federal TVPRA claim. And the Supreme Court has said that "evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270 (1981). Consistent with City of Newport, we have also held that "the

11

wealth and size of the defendant are relevant considerations" for the imposition of punitive damages in federal civil rights claims.[7] Deters v. Equifax Credit Information Services, 202 F.3d 1262, 1273 (10th Cir. 2000); see also Garrick v. City & Cty. of Denver, 652 F.2d 969, 971 (10th Cir. 1981) (reasoning that "[f]ederal standards govern the determination of damages under the federal civil rights statutes").  Moreover, Defendants conceded on appeal that the TVPRA allowed Plaintiffs to present a punitive damages argument to the jury.  We thus conclude that the testimony about Defendants' real estate holdings and alleged wealth provided relevant evidence for Plaintiffs' legitimate punitive damages argument.

Because the district court's ruling was not "arbitrary, capricious, whimsical or manifestly unreasonable," United States v. Banks, 761 F.3d 1163, 1197 (10th Cir. 2014), we conclude that the district court did not abuse its discretion through its evidentiary rulings in this case.[8]

---

[7] To the extent that Defendants contend City of Newport's Tenth Circuit progeny were wrongly decided, we note that a "three-judge panel may not overrule circuit precedent."  United States v. Marquez-Gallegos, 217 F.3d 1267, 1270 (10th Cir. 2000).

[8] Defendants also contend a federal statute, 42 U.S.C. § 1988(a), dictates that a federal district court should apply state law when adjudicating federal civil rights claims.  But we do not need to analyze this argument in any depth because we have previously rejected it.  Karnes v. SCI Colorado Funeral Services, Inc., 162 F.3d 1077, 1082 (10th Cir. 1998) (rejecting the proposed application of 42 U.S.C. § 1988(a) in relation to punitive damages).

12

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge