FILED
United States Court of Appeals
Tenth Circuit

July 10, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN PAUL GARMAN,

    Plaintiff - Appellant,

v.

COLBY ID#/IS#HY4 10-21-13/1/9/2014;
NURSE/DOCTOR ID#/IS#QTZ 10-21-
13/10/30/13; NURSE/DOCTOR ID#IS
GR2 1/22/14; NURSE ID#/IS# JF3
10/19/13,

    Defendants - Appellees.

No. 19-4109
(D.C. No. 2:16-CV-00099-TS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **BACHARACH**, Circuit Judges.
_____

John Paul Garman, a Utah state prisoner proceeding pro se, appeals the district

court's dismissal with prejudice of his civil rights action for failure to prosecute.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. **Procedural Background**

Garman filed a pro se complaint in February 2016, asserting claims under 42 U.S.C. § 1983 regarding allegedly inadequate medical treatment while he was held at the Salt Lake County Jail (Jail). He named only ten John Doe medical-staff defendants at the Jail. The district court granted his request to proceed in forma pauperis but provisionally denied his motion for service of process subject to a determination of whether the complaint stated a claim upon which relief may be granted.

In April 2017, Garman moved to amend his complaint. The court granted leave to amend in May 2017, advising him that before filing his amended complaint, he should consider, among other things, this circuit's requirement that a § 1983 complaint must "make clear exactly *who* is alleged to have done *what* to *whom*," *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). The court gave Garman 30 days to file his amended complaint. He did not do so, instead filing motions in June and July 2017 asking the court to order the Jail to turn over his medical records and to continue the case. In September 2017, the court informed Garman that his original complaint was deficient because he had named the Salt Lake County medical department as a defendant, even though it was not an entity that could be sued. The court ordered Garman to cure that deficiency within 30 days and reiterated that a § 1983 claim must identify the defendants and what they did to him.

In November 2017, Garman filed an amended § 1983 complaint for damages. In the caption, he identified four defendants, all allegedly Jail employees, as follows:

2

"Colby ID#/IS# HY4 10-21-13/1/9/2014," "Nurse/Doctor ID#/IS# QTZ 10-21-13/10/30/13," "Nurse Doctor ID#/IS GR2 1/22/14," and "Nurse ID#/IS# JF3 10/19/13." R. at 47. He advanced claims of cruel and unusual punishment and deliberate indifference. In February 2018, the district court ordered the United States Marshals Service to serve the amended complaint on the defendants as identified in the amended complaint. R. at 69, 71. The court also ordered that if Salt Lake County (County) was unable to accept service of process on a named defendant, it had to provide the Marshals Service with any information in its records that may help in identifying and serving the defendants. R. at 78-79.

In early March 2018, the summonses were returned unexecuted as to all defendants with a remark that the clerk had refused service due to an inability to identify the employees by the identification number Garman had provided in his amended complaint. Garman then filed motions in May and June asking the court to order service again after separating the defendants' identification numbers from the dates they worked at the Jail so there was no mistake about their identity. He claimed that the identification numbers and the dates were on grievances and medical slips he attached to his amended complaint. On November 8, 2018, while those two motions were pending, Garman filed a motion to amend his complaint so that defendants' identification numbers were clearly separated from the dates they worked at the Jail.

On December 7, 2018, the district court granted all three pending motions and directed the Marshals Service to serve defendants. The court also repeated its earlier

3

order requiring the County to provide the Marshals Service with any information helpful in identifying and serving any defendants for whom it was unable to accept service. The summonses were returned unexecuted with a remark that the human resources division refused to accept service without the employees' full name and time of employment.

On January 24, 2019, Garman filed a motion asking the district court to subpoena the Jail for defendants' names, dates of employment, and other identifying information. On March 20, the district court denied the motion to subpoena the Jail but ordered the County to respond within 30 days "with any information in its possession that would help the Court effect service on these defendants," and directed the County to "search any records that would help it identify these defendants based on service provided, dates worked and identification number." R. at 92. Five days later, on March 25, Garman again moved the court to subpoena Jail records. The County never responded to the court's March 20 order.

On May 31, 2019, the district court dismissed the case for failure to prosecute. The court recognized that if Garman were to refile his claims, which arose from events in late 2013 and early 2014, they would likely be barred by a four-year statute of limitations, and therefore dismissal would likely operate as a dismissal with prejudice. Accordingly, the court considered nonexclusive factors we identified in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), that are intended to guide a district court's dismissal in such circumstances. Those factors are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the

4

judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (ellipsis, citations, and internal quotation marks omitted). The court determined that each factor weighed in favor of dismissal. The court then observed:

> Plaintiff has neglected this case so thoroughly that the Court doubts monetary or evidentiary sanctions would be effective (even if such sanctions could be motivating for an indigent, *pro se* prisoner). This is because Plaintiff stopped, back on November 8, 2018,[1] even trying to provide further information to try to better identify the defendants. . . . [T]he Court has given Plaintiff more than three years to do what it takes to move this case forward—i.e., better identify defendants. . . . [To] no avail, but in a wholehearted effort to give Plaintiff every benefit of the doubt, the Court has issued three separate orders to Salt Lake County using Plaintiff's information to try to get service done.

R. at 103. The court further concluded that dismissal was warranted because Garman had "apparently abandoned [the] case by repeatedly failing to comply with orders of the Court and by otherwise failing to provide the Court with the names and addresses of the defendants." *Id.* at 104 (internal quotation marks omitted). This showed that Garman was "no longer adequately interested in and/or capable of prosecuting his claims." *Id.* (brackets and internal quotation marks omitted). Accordingly, the court dismissed the action with prejudice. Garman appeals.

---

[1] This date is when Garman asked to amend his complaint to separate the dates defendants worked from their identifying numbers.

5

## II. **Discussion**

"We review for an abuse of discretion an order dismissing an action for failure to prosecute." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). Our review, however, is contingent on adequate briefing. Although we afford Garman's appellate brief and his other pro se filings a liberal construction, we may not act as his advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And we require pro se parties to "follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted). One such rule is Federal Rule of Appellate Procedure 28(a), which lists the requirements for an appellant's brief. And one of those requirements is that an "appellant's brief must contain . . . the argument, which must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Consistent with Rule 28(a)(8)(A)'s requirements, which apply "equally to pro se litigants," "[i]ssues will be deemed waived if they are not adequately briefed." *Garrett*, 425 F.3d at 841 (internal quotation marks omitted). "When a pro se litigant fails to comply with [Rule 28(a)(8)(A)], we cannot fill the void by crafting arguments and performing the necessary legal research." *Id.* (brackets and internal quotation marks omitted).

Garman's appellate brief falls far short of what Rule 28(a)(8)(A) requires because it contains only "generalized assertion[s] of error." *Id.* at 841. Without any analysis or supporting legal authority, he merely states that the district court should

6

have "pressed" the Jail regarding defendants' identities and held the Jail in contempt for not timely releasing defendants' addresses. Aplt. Opening Br. at 3. He further states it was not his fault the Jail did not release defendants' addresses in a timely manner, and he asks us to order the district court to subpoena the County for the defendants' addresses. This wholesale briefing failure "disentitle[s] him to [appellate] review." *Garrett*, 425 F.3d at 841 (internal quotation marks omitted)). We therefore affirm the district court's judgment. We also deny Garman's motion to proceed on appeal without prepayment of costs or fees. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (grant of IFP requires "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal"). Consequently, Garman must pay all appellate filing and docketing fees ($505.00) immediately to the United States District Court for the District of Utah.

Entered for the Court

Timothy M. Tymkovich
Chief Judge

7